**FILED**

1    COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

2

3    Name  HARRIS          Dwayne

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**RECEIVED**

4         (Last)          (First)          (Initial)                    FEB 2 8 2008

5    Prisoner Number  P01755

6    Institutional Address  P.O. BOX 689  CENTRAL  Q. 141

7    SOLEDAD  CA. 93960

8    ==========================================================

9                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

10   Dwayne  HARRIS

11   (Enter the full name of plaintiff in this action.)          )
                                                               )
12                    vs.                                       )    Case No. C 07 5306 JSW
                                                               )    (To be provided by the clerk of court)
13   JAMES TILTON, DIRECTOR                                     )
                                                               )    **COMPLAINT UNDER THE**
14   OF CORRECTION OF CDCR                                      )    **CIVIL RIGHTS ACT,**
                                                               )    **42 U.S.C §§ 1983**
15   BEN CURRY, WARDEN OF                                       )    AMENDED COMPLAINT
                                                               )
16   CTF                                                        )    JURY TRAIL DAMANDED
     (Enter the full name of the defendant(s) in this action)  )
17                                                              )

18   *[All questions on this complaint form must be answered in order for your action to proceed..]*

19   I.    Exhaustion of Administrative Remedies

20         [**Note:** You must exhaust your administrative remedies before your claim can go

21         forward. The court will dismiss any unexhausted claims.]

22         A.    Place of present confinement CORRECTIONAL TRAINING FACILITY

23         B.    Is there a grievance procedure in this institution?

24                    YES (X)          NO ( )

25         C.    Did you present the facts in your complaint for review through the grievance

26               procedure?

27                    YES (X)          NO ( )

28         D.    If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT                              - 1 -

each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal _06 - 0365 / - Nov.12, 2006 - RETURN TO INMATE WITHOUT BEING PROCESSED_

2. First formal level _06 - 0365 / - DEC.27, 2006 - DENIED_

3. Second formal level _06 - 0365 / - JAN. 25, 2007 - DENIED_

4. Third formal level _06 - 0365 / - APRIL 24, 2007 - DENIED_

E.   Is the last level to which you appealed the highest level of appeal available to you?

YES (X)        NO ( )

F.   If you did not present your claim for review through the grievance procedure, explain

why. _N/A_

II.   Parties

A.   Write your name and your present address. Do the same for additional plaintiffs, if any.

_DWAYNE HARRIS  P01755_

_C.T.F. · CENTRAL · DW146_

_P.O.BOX 705 - SOLEDAD, CA. 93960_

B.   Write the full name of each defendant, his or her official position, and his or her place of

employment.

_JAMES TILTON, DIRECTOR OF C.D.C.R. · P.O. BOX 942883 · SACRAMENTO, CA. 94283-0001; N. GRANNIS, CHIEF INMATE APPEALS · SAME AS DIRECTOR; BEN CURRY, WARDEN; J. C. SISK,_

COMPLAINT                          - 2 -

1  ASSOCIATE WARDEN; A-AREA, CORRECTIONAL COUNSELOR II; R.POPE, ASSOCIATE

2  WARDEN; K.DENNIS, SSA-MEDICAL APPEALS ANALYST ALL EMPLOYED AT

3  CORRECTIONAL TRAINING FACILITY + P.O.BOX 705 - SOLEDAD CA,93960

4  III.    Statement of Claim

5        State here as briefly as possible the facts of your case. Be sure to describe how each

6  defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any

7  cases or statutes. If you have more than one claim, each claim should be set forth in a separate

8  numbered paragraph.

9  DEFENDANTS ABUSED THEIR AUTHORITY UNDER THE COLOR OF LAW TO KNOWINGLY

10  AND WILLING DEPRIVE PLAINTIFF OF HIS UNITED STATES CONSTITUTIONAL RIGHTS

11  TO RECEIVE MEDICAL TREATMENT FOR HIS MEDICAL CONDITION, TO RECEIVE A

12  RENAL DIET CONSISTANT WITH PLAINTIFF'S MEDICAL CONDITION, FAILING TO HOUSE

13  PLAINTIFF IN A FACILITY THAT HAS A RENAL OR GLUTEN-FREE DIET AND A

14  REGISTERED DIETITIAN IN WHICH HAS CAUSE PLAINTIFF NOT TO RECEIVE MEDICAL

15  TREATMENT FOR A MEDICAL CONDITION CONSISTANT WITH KIDNEY FAILURE

16  AND CAUSES PLAINTIFF UNDUE PAIN, SUFFERING, AND STRESS BY NOT BEING ABLE

17  TO RECIEVE TREATMENT AND TRANSFER TO A FACILITY WHERE PLAINTIFF

18  COULD RECEIVE TREATMENT (SEE EXHIBITS 'A" THRU 'H').

19  DEFENDANTS DENIED PLAINTIFFS AMERICAN WITH DISABILITIES

20  (ADA) CLAIM WHEN PLAINTIFF CLEARLY QUALIFIES, THEREBY

21  CAUSING FURTHER IRREPARABLE HARM TO MY KIDNEYS

22  IV.    Relief

23        Your complaint cannot go forward unless you request specific relief. State briefly exactly what

24  you want the court to do for you. Make no legal arguments; cite no cases or statutes.

25  PLAINT PRAYS THAT THIS COURT GRANT PLAINTIFF TO RECEIVE MEDICAL TREAT-

26  MENT BY COURT ORDER AND THAT PLAINTIFF RECEIVE PUNITIVE AND MONA-

27  TARY DAMAGES OF $750,000 DOLLARS

28  

COMPLAINT                              - 3 -

1

2

3

4    I declare under penalty of perjury that the foregoing is true and correct.

5

6    Signed this _26_ day of FEBUARY ___, 20 08

7

8                    Dwayne Han

9                      (Plaintiff's signature)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                           - 4 -

DWAYNE HARRIS

P.O. BOX 689 D141

SOIEDAD CA. 93960

IN PRO. PER.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DWAYNE HARRIS
PIAINTIFF

vs

JAMES TIITON DIRECTOR
OF CORRECTION OF CDCR

BEN CURRY. WARDEN OF
CTF. ET AL)

DEFENDANTS

NO. C 07 5306

AMENDED COMPLAINT

UNDER THE CIVIL RIGHTS ACT. 42 USC 1983

JURY TRAIL DAMANDED.

## GENERAL ALLEGATIONS

1. THIS IS A COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR DILIBERATE INDIFFERENCE TO THE SERIOUS MEDICAL NEEDS OF PLAINTIFF DWAYNE HARRIS DURING HIS CONFINEMENT BY THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS (CDCR) AT CORRECTIONAL TRAINING FACILITY AT SOLEDAD (CTF SOLEDAD).

2. THIS ACTION ARISES UNDER 42 USC. § 1983. AND JURISDICTION IS IS BASED UPON 28 U.S.C 33 1331 AND 1343.

3. ALL OF THE ACTIONS GIVING RISE TO THE CLAIMS ALLEGED HEREIN AROSE IN MONTERY COUNTY, CALIFORNIA.

THEREFORE VENUE IS PROPER UNDER 28 USC 3 1391(b.)(2.).

- 1-

4.  PLAINTIFF IS AND WAS AT ALL RELEVANT TIMES MENTIONED HEREIN
AN INMATE IN THE CUSTODY CONTROL AND CARE OF CDCR EMPLOYEES AT
VARIOUS CORRECTIONAL INSTITUTIONS INCLUDING CTF- SOLEDAD.
PLAINTIFF HAS BEEN AN INMATE AT CTF- SOLEDAD SINCE FEBUARY 22, 2001
AT ALL TIMES DURING HIS INCARCERATION. PLAINTIFF HAS RELIED ON THE
POLICIES AND PROCEDURES AT CDCR PRISONS TO PROVIDE HIM WITH THE
NECESSARY PRISON POLICIES, AND MEDICAL CARE.

5.  PLAINTIFF IS INFORMED AND BELIEVES AND THEREIN ALLEGES THAT DEFENDANT
JAMES TILTON AND AT ALL TIMES RELEVANT HEREIN WAS EMPLOYED AS THE DIRECTOR
OF THE CDCR.
AS DIRECTOR DEFENDANT JAMES TILTON IS AND HAS BEEN RESPONSIBLE FOR,
RESPONSIBLE FOR SUPERVISING, PROMULGATION, PROMULAGATING, IMPLEMENTING
SUPERVISING THE IMPLEMENTATION OF, MONITORING COMPLIANCE WITH, AND
SUPERVISING THE MONITORING OF COMPLIANCE WITH ENFORCING AND/OR
SUPERVISING THE ENFORCEMENT OF POLICIES AND PROCEDURES AFFECTING
THE MEDICAL CARE OF ALL INMATES WITHIN THE CDCR.
IN THIS POSITION DEFENDANT JAMES TILTON IS AND HAS BEEN RESPONSIBLE
ASSURING THAT ALL INMATES RECIEVE PROPER MEDICAL CARE, INCLUDING PROPER
DIAGNOSIS AND TREATMENT.
AT ALL TIMES MENTIONED DEFENDANT JAMES TILTON WAS ACTING UNDER THE
COLOR OF LAW. IN THE COURSE AND SCOPE OF HIS EMPLOYMENT AND IS SUED
HERIN IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

6.  PLAINTIFF IS INFORMED AND BELIEVES AND THEREIN ALLEDGES, THAT
DEFENDANT BEN CURRY IS RESPONSIBLE FOR ASSURING THAT CTF SOLEDAD PROVIDE
PROPER MEDICAL CARE IN KEEPING WITH POLICIES AND PROCEDURES FOR ALL INMATE
AND TO ASSURE THAT ALL OTHER MEDICAL PROVIDERS WITH WHOM CDCR CONTRACTED
TO PROVIDE PROPER TREATMENT FOR THE INMATE. AND ALL SUCH INDIVIDUALS KNEW
AND UNDERSTOOD, AND ACTED PERSSANT TO CDCR POLICY.

1  AT All TIMES Mentioned Defendant Benaurry was Acting under the color

2  of Law in the Course And scope of His employment, And is Sued Herein

3  in His official And individual CAPACITIES.

4  7. Defendant N. Grannis Chief inmate Appeals is and at all times

5  Relevant Herein was employed by CDCR As the Chief Inmate Appeals for

6  CTF-SoleDAd. Plaintiff is Informed And believes And thereon Alleges

7  THAT Defendant Grannis is Properly Trained And Aware of Procedure And

8  Policies of CDCR. And the American with Disabilities Act (ADA) who

9  is And has been Responsible To Make Rulings And Decisions For All Inmates

10  under (ADA) in CDCR. Prisons.

11  AT All TIMES Mentioned Defendant Grannis was Acting under the

12  Color of Law in the course And scope of His/Her employment And

13  is Sued in His/Her official And individual CAPACITIES.

14  8. Defendant Chudy MD. was during Part of the Time Relevant Herein

15  employed by CDCR As Chief Medical Officer (CMO) At CTF-Soledad.

16  Plaintiff is informed And believes and thereon Alleges That Defendant Chudy

17  is A Properly Trained And licensed medical doctor who is Responsible For the Medical

18  care of All inmates At CTF-Soledad.

19  This includes but not limited to, the supervision, direction and/or proper training of

20  the medical, medical staff at CTF-soledad in the delivery of health care services

21  And the management of health care programs; involvement in the determination

22  of proper medical care for inmates including but not limited to having

23  authority to order and approve medical test and treatments to be done

24  having authority and responsibility for assuring the proper ordering and the

25  stocking of medical supplies communication of medical needs to the correctional

26  ional custody staff and generally making sure that proper medical treatment

27  is provided to all inmates.

28  Plaintiff further informed And believes and thereon Alleges that defendant Chudy

1  WAS RESPONSIBLE FOR ASSURING THAT CTF-SOLEDAD MEDICAL STAFF, AND ALL OTHER MEDICAL

2  PROVIDERS WITH WHICH CDCR CONTRACTED IN PROVIDING MEDICAL CARE TO INMATES AT

3  CTF-SOLEDAD PROVIDED PROPER MEDICAL CARE TO INMATES, AND THAT ALL SUCH INDIVID-

4  UALS KNEW AND UNDERSTOOD AND ACTED PERSUANT TO CDCR POLICY.

5  AT ALL TIMES MENTIONED DEFENDANT CHUDY WAS ACTING UNDER COLOR OF LAW, IN

6  THE COURSE AND SCOPE OF HIS EMPLOYMENT AND IS SUED HEREIN IN HIS OFFICIAL

7  AND INDIVIDUAL CAPACITIES.

8  9. DEFENDANT FRIEDRICHS M.D. IS AND AT ALL TIMES RELEVANT HEREIN WAS EMPLOYED

9  BY CDCR AS A PHYSICIAN AND SURGEON AT CTF-SOLEDAD.

10  PLAINTIFF IS INFORMED AND BELIEVES AND THEREON ALLEGES THAT DEFENDANT T.

11  FRIEDRICHS IS A PROPERLY TRAINED AND LICENSED MEDICAL DOCTOR WHO IS AND HAS

12  BEEN RESPONSIBLE FOR THE MEDICAL CARE OF ALL INMATES AT CTF-SOLEDAD. THIS

13  INCLUDES BUT NOT TO. SUPERVISION, DIRECTION AND/OR PROPER TRAINING OF THE

14  MEDICAL STAFF AT CTF-SOLEDAD IN THE DELIVERY OF HEALTH CARE SERVICES

15  AND MANAGMENT OF HEALTH CARE PROGRAMS; INVOLVEMENT IN THE DETERMINATION

16  OF PROPER MEDICAL CARE FOR INMATES, INCLUDING BUT NOT LIMITED TO HAVING

17  AUTHORITY TO ORDER AND APPROVE MEDICAL TEST AND TREATMENTS TO BE DONE,

18  HAVING AUTHORITY TO ASSURE THAT INMATES WHO ARE TRANSFERRED TO OTHER INSTITUTION

19  RECEIVE CONTINUING PROPER MEDICAL CARE, HAVING AUTHORITY AND RESPONSIBILITY

20  FOR ASSURING COMMUNICATION OF MEDICAL NEEDS TO THE CORRECTIONAL CUSTODY

21  STAFF AND GENERALLY MAKING SURE THAT PROPER MEDICAL TREATMENT IS PROVID-

22  ED TO ALL INMATES.

23  PLAINTIFF IS FURTHER INFORMED AND BELIEVES AND THERE ALLEGES THAT DEFENDANT

24  T. FRIEDRICHS IS RESPONSIBLE FOR ASSURING THAT CTF-SOLEDAD MEDICAL STAFF

25  PROVIDERS WITH WHOM CDCR CONTRACTS WITH IN PROVIDING MEDICAL CARE

26  TO INMATES AT CTF-SOLEDAD PROVIDE PROPER MEDICAL CARE TO THE INMATES

27  AND THAT ALL SUCH INDIVIDUALS KNOW AND UNDERSTAND AND ACT PERSUANT

28  TO CDCR POLICY.

1  AT All TIMES Mentioned DEFENDANT FRIEDRICHS HAS ACTING UNDER THE COLOR

2  OF LAW IN THE COURSE And ScOPE OF HIS EMPLOYMENT And IS SUED HEREIN

3  IN HIS OFFICIAL And INDIVIDUAL CAPACITIES.

4     10. PLAINTIFF IS INFORMED And BELIEVES And THEREON ALLEGES THAT DEFENDANT

5  J.C. SISK. And AT All TIMES RELEVANT HEREIN WAS EMPLOYED AS THE ASSOCIATE WARDE

6  n. OF CTF-SOLEDAD PLAINTIFF IS FURTHER INFORMED And believes And THEREON

7  ALLEGES THAT DEFENDANT J.C. SISK IS And HAS been RESPONSIBLE FOR PROMULAGATIN

8  SUPERVISING THE PREMULAGATION OF. IMPLEMENTING SUPERVISING THE IMPLEMENTATI

9  on OF MONITORING COMPLIANCE WITH. SUPERVISING THE MONITORING OF COMPLIANCE

10 WITH ENFORCING AND/OR SUPERVISING THE ENFORCEMENT OF POLICIES And PROCEDURES

11 AFFECTING THE MEDICAL CARE OF All INMATES WITHIN CDCR.

12 IN THIS POSITION DEFENDANT J.C. SISK IS And HAS been RESPONSIBLE FOR ASSURING

13 THAT All INMATES RECIEVE PROPER MEDICAL CARE. INCLUDING PROPER MEDICAL CARE And

14 DIAGNOSIS And TREATMENT. AT All TIMES MENTIONED DEFENDANT J.C. SISK WAS

15 ACTING UNDER COLOR OF LAW. IN THE COURSE And SCOPE OF HIS EMPLOYMENT

16 And IS SUED HEREIN IN HIS OFFICIAL And INDIVIDUAL CAPACITIES.

17    11. DEFENDANT ARFA IS And AT All TIMES RELEVANT HEREIN WAS EMPLOYED BY CDC

18 AS A CORRECTIONAL COUNSIER II AT CTF-SOLEDAD. PLAINTIFF IS INFORMED And

19 BELIEVES And THEREON ALLEGES THAT DEFENDANT ARFA IS PROPERLY TRAINED COUNSIER

20 WHO IS And HAS been RESPONSIBLE FOR All WELL BEING SAFETY And SECURITY OF All

21 INMATES AT CTF-SOLEDAD. AT All TIMES MENTIONED DEFENDANT ARFA WAS UNDER THE

22 COLOR OF STATE LAW IN THE COURSE And SCOPE OF HIS EMPLOYMENT And IS

23 SUED IN HIS OFFICIAL And INDIVIDUAL CAPACITIES..

24    12. DEFENDANT R. POPE IS And HAS been AT All TIMES RELEVANT HEREIN WAS EMPLOYED

25 BY CDCR AS A ASSOCIATE WARDEN, PLAINTIFF IS INFORMED And BELIEVES And THEREON ALLEGE

26 THAT DEFENDANT POPE IS RESPONSIBLE FOR THE SUPERVISION PROMALAGATING, THE IMPLEMENT

27 ATION OF MONITORING COMPLIANCE WITH ENFORCING OF POLICIES And PROCEDURES AFFEC

28 TING THE MEDICAL CARE OF All INMATES AT CTF-SOLEDAD.

1  AT All TIMES MENTIONED DEFENDANT R. POPE WAS ACTING UNDER THE COLOR OF THE

2  LAW IN THE COURSE AND SCOPE OF HIS EMPLOYMENT AND IS SUED HEREIN IN HIS

3  OFFICIAL AND INDIVIDUAL CAPACITIES.

4  13. DEFENDANTS DESIGNATED HEREIN WHETHER IN "ACTING" CAPACITY OR OTHERWISE. ARE RESPONSIBLE

5  FOR PROMULGATING. SUPERVISING THE PROMULGATION OF. IMPLEMENTING SUPERVISING

6  THE IMPLEMENTATION OF MONITORING COMPLIANCE WITH SUPERVISING THE MONITORING OF

7  COMPLIANCE WITH ENFORCING AND/OR SUPERVISING THE ENFORCEMENT OF POLICES AND

8  PROCEDURES AFFECTING THE MEDICAL CARE OF All INMATES WITHIN THE CTF-SOLEDAD.

9  THESE DEFENDANTS ARE Also RESPONSIBLE FOR ASSURING THAT All INMATES RECIEVE THE

10  PROPER MEDICAL CARE. INCLUDING PROPER DIAGNOSIS AND TREATMENT.

11  At All TIMES MENTIONED THESE DEFENDANTS WERE ACTING UNDER THE COLOR OF

12  STATE LAW IN THE COURSE AND SCOPE OF THIER EMPLOYMENT AND ARE SUED HEREIN

13  IN THIER OFFICIAL AND INDIVIDUAL CAPACITIES. PLAINTIFF SEEKS TO AMEND

14  THIS COMPLAINT TO ADD NEW DEFENDANTS NOW THAT THIER NAMES AND CAPACITIES

15  HAVE BEEN ASCERTAINED.

16  14. DEFENDANTS DESIGNATED HEREIN. INCLUSIVE CONSIST OF INDIVIDUALS OTHER

17  THAN THE ACTING DIRECTOR OR DIRECTOR OF THE CDCR, WHO WERE OR ARE CURRENTLY EMPL

18  OYED BY THE CDCR AND ARE RESPONSIBLE FOR THE MEDICAL CARE OF All INMATES AT

19  CTF-SOLEDAD

20  PLAINTIFF IS INFORMED AND BELIEVES AND THEREON ALLEGES. EACH OF THESE DEFENDANTS

21  IS RESPONSIBLE IN SOME MANNER FOR THE VIOLATION AND INJURIES ALLOED IN THIS

22  COMPLAINT. At All TIMES MENTIONED HEREIN THESE DEFENDANTS WERE ACTING UNDER

23  THE COLOR OF LAW IN THE COURSE AND SCOPE OF THIER EMPLOYMENT AND ARE SUED HERE

24  IN THIER OFFICIAL AND INDIVIDUAL CAPACITIES.

25  15. SINCE APPROXIMATLEY OCT 2004, PLAINTIFF WAS DIAGNOSED WITH A CHRONIC KIDNEY FAILURE

26  (FSGS) FOCAL SEGMENTAL GLOMERULOSCLEROSIS, AND WAS THEN ISSUED A SPECIAL DIET ALONG

27  WITH OTHER FORMS OF TREATMENT TO MAINTAIN NORMAL KIDNEY FUNCTION.

28  16. WITH THIS KIDNEY CONDITION PLAINTIFF HAS SUFFERED. AND CONTINUES TO SUFFER FROM

1  Severe Swelling, spilling of protien. significiant Blood in my urine. Plaintiff is informe

2  d, And Believes and therein alleges that from April 2004 defendant have been

3  Aware of Plaintiffs need, for a Registered Dietitian to issue and educate Plaint.

4  ff, The special Renal Diet for his kidney condition.

5  17. From April 2004 to present, defendants have repeatedly delayed transffering

6  Plaintiff to a medical facility, with a Registered Dietitian based on (CDCR) policies

7  for potential medical treatment.

8  18. From Nov. 2006 to present defendants have failed and denied Plaintiff the right to

9  be included in and participate in the Benefits of the services, activities, of the (ADA)-

10  Americans with disabilities Act, therefore subjecting Plaintiff to discrimination

11  when Plaintiff clearly quilifies, under the American with dicabilities Act.

12  19. Plaintiff has filed numerous inmate appeals including but not limited to CDCR

13  1824 form. Through the Prison Grievance system relietive to defendants Denial

14  of Proper treatment and denial of (ADA) American with Disibilities Act, describ

15  ed. Herein Above.

16  One such appeal was filed, November 6 2006. wherein Plaintiff asked for the

17  transfer to a facility with a Registered Dietitian for Proper medical treatment

18  based on CDCR policies and the Plata Policies and Procedures (Vol. 4-20-VII)

19  for his medical condition related to his kidneys. This appeal was Denied by

20  Defendant PG. Dennis, on November 12. 2006. A copy of the appeal was attached to

21  Plaintiffs Complaint, filed on October. 18 2007 Plaintiff has thus exhausted his

22  Administrative remedies for the claims herein.

23  <u>CLAIM FOR RELIEF</u>
     (Eight Amendment violation- Deliberate Indifference)

24  20. Plaintiff refers to and incorperates by reference herein the allegation

25  of paragraphs 1 through 19. Inclusive.

26  21. On 10·26·06 Plaintiff was admitted to CTF-soedad infirmary for

27  severe Headaches, Swelling, and High Blood Pressure, protien spillage, due to

28  Plaintiff serious medical condition chronic kidney failure, upon Plaintif

1  RELEASE FROM CTF SOLEDAD INFIRMARY, PLAINTIFF WAS ISSUED A MEDICAL RENAL

2  DIET ON 11-01-06 BY DEFENDANT (SEE EXHIBIT A).

3  22. PLAINTIFF IS INFORMED AND BELIEVES, AND THEREON ALLEGES THAT DEFENDANT

4  RECIEVED A FAXED LETTER ON 4-16-06 STATING INMATE-PATIENTS REQUIRING A

5  RENAL OR GLUTEN FREE DIET SHALL BE HOUSED AT AN INSTITUTION THAT HAS A

6  REGISTERED DICTITIAN. (SEE EXHIBIT B)

7  23. ON 11-05-06 PLAINTIFF SUBMITTED AN INMATE/PAROLEE APPEAL FORM CDCR

8  1824, IN ACCORDANCE WITH THE PROVISIONS OF THE AMERICAN WITH DISIBILITY

9  ACT (ADA) TO BE INCLUDED IN THE BENEFITS OF AMERICAN WITH DISIBITES ACT

10  (SEE EXHIBIT C)

11  24. PLAINTIFF IS INFORMED AND BELIEVES AND THEREON ALLEGES THAT defendants

12  INTENTIONALLY DENIED HIS AMERICAN WITH DISABILITIES 1824 CLAIM ON November

13  12, 2006 THEREBY SUBJECTING PLAINTIFF TO DISCRIMINATION, FURTHER SUFFERING

14  AND IRREPAIRABLE HARM TO KIDNEYS (SEE EXHIBIT D)

15  25. PLAINTIFF'S MEDICAL CONDITION AS DESCRIBED HEREIN CONSTITUTES A SERIOUS

16  MEDICAL NEED IN THAT THE FAILURE TO TREAT THE CONDITION HAS RESULTED

17  IN FURTHER SIGNIFICANT INJURY AND THE ONGOING FAILURE TO TREAT IT

18  IS LIKELY TO CAUSE MORE SERIOUS INJURY. SAID INJURY HAS INCLUDED BUT NOT

19  NECESSARILY BEEN LIMITED TO, ELEVATED PROTIEN LEVELS, AND HIGH CREATINE LEVELS

20  AND SEVERE SWELLING. ALSO PAIN IN JOINTS, ALSO SIGNIFICANTLY AFFECTS HIS ACTIVITIES

21  IN PRISON ON A DAILY BASIS.

22  26. PLAINTIFF IS INFORMED AND BELIEVES AND THEREON ALLEGES THAT defendants

23  HAVE ACTED INTENTIONALLY IN THE MANNER DESCRIBED ABOVE AND WITH KNOWLEDGE OF

24  PLAINTIFF SUFFERING AND THE RISK OF FURTHER SERIOUS HARM THAT COULD RESULT

25  FROM THIER ACTIONS OR REFUSAL TO ACT.

26  27. PLAINTIFF IS INFORMED AND BELIEVES AND THEREON ALLEGES THAT

27  UNDER FEDERAL SECTION 1983 DEFENDANTS ACTING UNDER THE COLOR OF

28  STATE LAW DID ACTUALLY DEPRIVE PLAINTIFF OF THE RIGHT TO THE

1  BENEFITS ALLOWED HIM UNDER THE AMERICAN WITH DISIBILITIES ACT
2  (ADA), A FEDERALLY PROTECTED LAW.

3  28. DEFENDANTS CONDUCT VIOLATES 42 USC § 1983, BECAUSE THAT
4  CONDUCT CONSTITUTES DILIBERATE INDIFFERANCE TO PLAINTIFF'S
5  SERIOUS MEDICAL CONDITION, NEEDS, IN VIOLATION OF HIS EIGHTH AME
6  NDMENT RIGHT FROM CRUEL AND UNUSUAL PUNISHMENT.

7  29. AS A PROXIMATE RESULT OF THE DEFENDANTS CONDUCT PLAINTIFF HAS
8  SUFFERED AND CONTINUES TO SUFFER GENERAL DAMAGES IN THE FORM
9  OF SEVERE PAIN AND SUFFERING, WIEGHT LOSS, EMOTIONAL DISTRESS.
10 PLAINTIFF IS INFORMED AND BELEUES AND THEREON ALLEGES THAT HE WILL
11 CONTINUE TO SUFFER SUCH DAMAGES IN THE FUTURE.

12 30. AS A PROXIMATE FURTHER RESULT OF DEFENDANTS CONDUCT PLAINTIFF
13 IS INFORMED AND BELIEVES, AND THEREON ALLEGES THAT HE WILL SUFFER
14 SPECIAL DAMAGES IN THE FUTURE IN THE FORM OF MEDICAL EXPENSES
15 FOR TREATMENT OF HIS CONDITION AND LOSS OF INCOME.

16 31. IN ACTING AS DESCRIBED HEREIN ABOVE DEFENDANTS ACTED DESPICABL
17 Y, KNOWINGLY, WITFULLY AND MALICIOUSLY OR WITH RECKLESS OR CALLOUS DISR
18 EGARD FOR PLAINTIFF'S FEDERALLY PROTECTED RIGHTS, ENTITLING PLAINTIFF
19 TO AN AWARD OF EXEMPLARY AND PUNITIVE DAMAGES.

20                    <u>PRAYER FOR RELIEF</u>

21 WHEREFORE, PLAINTIFF DWAYNE HARRIS, PRAYS FOR JUDGEMENT AGAINT
22 ST. DEFENDANTS AS FOLLOWS:

23 1. FOR INJUNCTIVE RELIEF IN THE FORM OF PROPER MEDICAL DIAGNOSTIC TESTING
24 AND TREATMENT ACCORDING TO PROOF,

25 2. FOR GENERAL DAMAGES ACCORDING TO PROOF

26 3. FOR SPECIAL DAMAGES, ACCORDING TO PROOF

27 4. FOR PUNITIVE DAMAGES, ACCORDING TO PROOF

28 5. FOR REASONABLE ATTORNEY FEES PURSUANT TO 42 USC § 1988

1  6. FOR COST OF SUIT; AND

2  7. FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM JUST AND PROPER.

3  8. PLAINTIFF  DWAYNE HARRIS  HEREBY  DEMANDS A TRIAL BY JURY.

4  DATED: FEBRUARY 26, 2008.

5

6  BY: _____

7  PLAINTIFF IN PRO PER

EXHIBIT "A"

STATE OF CALIFORNIA



DEPARTMENT OF CORRECT

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | | |
|---|---|---|---|
| None | | Bottom Bunk | P / T |
| Barrier Free/Wheelchair Access | P / T | Single Cell (See 128-C date: _____ ) | P / T |
| Ground Floor Cell | P / T | Permanent OHU / CTC (circle one) | P / T |
| Continuous Powered Generator | P / T | Other _____ | P / T |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) _____ | P / T |
| Limb Prosthesis | P / T | Contact Lens(es) & Supplies | P / T |
| Brace | P / T | Hearing Aid | P / T |
| Crutches | P / T | Special Garment: | |
| Cane: (type) | P / T | (specify) _____ | P / T |
| Walker | P / T | Rx. Glasses: _____ | P / T |
| Dressing/Catheter/Colostomy Supplies | P / T | Cotton Bedding | P / T |
| Shoe: (specify) | P / T | Extra Mattress *Elastic* | P / T |
| Dialysis Peritoneal | P / T | Other *Compression Stockings* P / T  *1 yr* |

## C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) *Renal Diet* | P (T)  *1 yr* |
| Attendant to assist with meal access and other movement inside the institution. | P / T | Communication Assistance | P / T |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P / T |
| | | Short Beard | P / T |
| Wheelchair Accessible Table | P / T | Other _____ | P / T |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☐ Yes  ☒ No
If yes, specify: _____

| INSTITUTION *C.T.F* | COMPLETED BY (PRINT NAME) | TIMOTHY W. FRIEDERICHS, M.D. STAFF PHYSICIAN & SURGEON | TITLE |
|---|---|---|---|
| SIGNATURE *Friederi* | DATE *11-1-06* | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH | |
| HCM/CMO SIGNATURE | DATE *10/11/06* | *P D1755* | |
| (CIRCLE ONE)  APPROVED / DENIED | | *Harris, Dwayne* | |
| COMPREHENSIVE ACCOMMODATION CHRONO | | *3-9-65* | |

Distribution:

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS**: A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | | | |
|---|---|---|---|---|
| None | | 4. Bottom Bunk | | P / T _____ |
| 1. Barrier Free/Wheelchair Access | P / T _____ | 5. Single Cell (See 128-C date: _____ ) | | P / T _____ |
| 2. Ground Floor Cell | P / T _____ | 6. Permanent OHU / CTC (circle one) | | P / T _____ |
| 3. Continuous Powered Generator | P / T _____ | 7. Other _____ | | P / T _____ |

### B. MEDICAL EQUIPMENT/SUPPLIES

| | | | | |
|---|---|---|---|---|
| None | | 16. Wheelchair: (type) _____ | | P / T _____ |
| 8. Limb Prosthesis | P / T _____ | 17. Contact Lens(es) & Supplies | | P / T _____ |
| 9. Brace | P / T _____ | 18. Hearing Aid | | P / T _____ |
| 10. Crutches | P / T _____ | 19. Special Garment: | | |
| 11. Cane: (type) _____ | P / T _____ | (specify) _____ | | P / T _____ |
| 12. Walker | P / T _____ | 20. Rx. Glasses: _____ | | P / T _____ |
| 13. Dressing/Catheter/Colostomy Supplies | P / T _____ | 21. Cotton Bedding | | P / T _____ |
| 14. Shoe: (specify) _____ | P / T _____ | 22. Extra Mattress | | P / T _____ |
| 15. Dialysis Peritoneal | P / T _____ | 23. Other _____ | | P / T _____ |

### C. OTHER

| | | | | |
|---|---|---|---|---|
| None | | 26. Therapeutic Diet: (specify) Renal Dct (mild seen by | | P / T  6 mo. |
| 24. Attendant to assist with meal access P / T _____ and other movement inside the institution. | | 27. Communication Assistance Nephrologist ) | | P / T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | 28. Transport Vehicle with Lift | | P / T _____ |
| | | 29. Short Beard | | P / T _____ |
| 25. Wheelchair Accessible Table | P / T _____ | 30. Other _____ | | P / T _____ |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☐ Yes  ☐ No

If yes, specify: _____

| INSTITUTION CTF | COMPLETED BY (PRINT NAME) SINNA W | TITLE M. D. |
|---|---|---|
| SIGNATURE | DATE 6/7/07 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE | P0755 |
| APPROVED (list the number of items approved) | | HARR. |
| DENIED (list the number of items denied) | | |

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDC - 146

Distribution:
Original - Unit Health Record     Canary - Central File     Pink - Correctional Counselor     Gold - Inmate

EXHIBIT "B"

# CHAPTER 20

## Outpatient Therapeutic Diets, Nourishment and Supplements

### I.    POLICY

The California Department of Corrections and Rehabilitation (CDCR) shall provide inmate-patients with meals based on a standardized master menu consistent with a modified CDCR Heart Healthy diet. With appropriate inmate-patient instructions, the modified CDCR Heart Healthy diet eliminates the need for most prescribed outpatient diets. In addition to diet instructions, CDCR provides two outpatient therapeutic diets for the following inmate-patients:

- Those receiving dialysis (renal diet)
- Those with Celiac disease (gluten-free diet)

Inmate-patients requiring a renal or gluten-free diet shall be housed at an institution that has a Registered Dietitian.

### II.    PURPOSE

To ensure that, based on medical necessity, proper diets are prescribed and provided for inmate-patients with identified nutritional needs, and/or to provide inmate-patients with the proper diet education enabling them to assume responsibility for their own health.

### III.    DEFINITIONS

1. Modified Heart Healthy Diet: A diet plan restricted in sodium and fat while supplying adequate calories, fiber and all essential nutrients, supported by the CDCR and designed by a Registered Dietitian.
2. Outpatient Therapeutic Diet: An identified medical diet that is prescribed by a physician for general population inmate-patients. Outpatient therapeutic diets are prescribed only for inmate-patients requiring a renal or gluten-free diet.
3. Renal Diet: An outpatient therapeutic diet prescribed by a physician for an inmate-patient receiving dialysis treatment. All inmate-patients receiving dialysis shall be prescribed a renal diet.
4. Gluten-free Diet: A wheat-free therapeutic diet prescribed by a physician for inmate-patients with Celiac disease.
5. Nourishments: Standardized food items, in addition to the standard meal, prescribed by a physician for inmate-patients who have insulin-dependent diabetes or are pregnant.
6. Supplements: High caloric drinks or high caloric food bars, in addition to the standard meal, prescribed by a physician for inmate-patients with certain medical conditions.

### IV.    GENERAL PROCEDURES

1. A physician shall complete a CDCR Form 7221, Physician's Order, for renal and gluten-free outpatient therapeutic diets, nourishments, or supplements.
2. Nourishments and supplements may be prescribed for inmate-patients who are pregnant, diabetic, immunocompromised, malnourished, or those with oropharyngeal conditions causing difficulty eating regular diets. Prescribed nourishments and supplements shall be delivered to the inmate-patients in accordance with established local operating procedures.
3. The CDCR Heart Healthy diet is appropriate for inmate-patients who have hypertension and/or diabetes.

EX. #3.

EX. 3.

04/19/2006   08:54   510-5245007

Chapter 20
Outpatient Therapeutic Diets, Nourishment and Supplements

Attachment A

The following institutions currently provide gluten-free diets:
- Pelican Bay State Prison
- California Medical Facility
- California Institution for Men
- California Men's Colony
- California Institution for Women
- California State Prison-Corcoran

The following institutions provide a renal diet:
- California Medical Facility
- California Men's Colony
- California State Prison-Corcoran
- California Institution for Men
- California Institution for Women
- Central California Women's Facility
- California Substance Abuse Treatment Facility and State Prison at Corcoran
- Wasco State Prison
- Richard J. Donovan Correctional Facility at Rock Mountain

NAME AND NUMBER  HAR.  P-01755

CTF C/N    USE-  RA 20,    CDC-128-C

# "PHYSICAL LIMITATIONS"

## 1. BASED ON THIS INDIVIDUAL'S:

- ✓ acute *medical* condition
- ___ chronic *medical* condition
- ___ temporary disability
- ___ permanent disability (see 1845)

## 2. THE FOLLOWING ACTIVITY RESTRICTIONS ARE RECOMMENDED:

*movement/position*

- ___ no prolonged standing (not longer than _____ minutes every _____ minutes)
- ___ no prolonged sitting (not longer than _____ minutes every _____ minutes)
- ___ no climbing
- ✓ no bending, stooping or twisting
- ___ no lifting over __25__ pounds
- ___ no crawling
- ✓ no prolonged walking (not more than __30 minutes__ ~~feet~~ without resting)
- ___ no use of (R / L / both) arm (s)   Restrictions: _____
- ___ no weight bearing (R / L) leg
- ___ limited weight bearing (R / L) leg
- ___ other

*environment:*

- ___ may not work around heat
- ___ may not work around or use machinery
- ___ may not work at heights
- ___ may not work with hands in water
- ___ may not work outdoors
- ___ may not work in dusty areas
- ___ other _____

## 3. START DATE:  9-13-02

"Dialysis/Therapeutic (renal) Diet"
NAME AND NUMBER:  HARRIS       P-01755        D 319 U        CTF-C        CDC-128-C
DATE:  4/21/04

In accordance with current CDC policy this inmate-patient requires the following actions:

1. **C&PR:  EXPEDITED TRANSFER** to a CDC institution having an inmate-patient **dialysis mission**.
2. **CULINARY: "RENAL DIET"** must be provided at CTF until appropriate transfer occurs.

**DURATION: INDEFINITE**

ORIG: C-FILE
COPY: *C&PR*
    *CULINARY MGR.*
    UNIT SGT.
    INMATE
    CONTROL
    CCI
    ASSIGN. LT.
    MEDICAL FILE
    CHRONO FILE

_____
STAFF PHYSICIAN

MICHAEL L. FRIEDMAN, M.D.
CHIEF MEDICAL OFFICER

DATE: 4/21/04        HARRIS        P-01755        cjw        MEDICAL-PSYCHIATRIC-DENTAL
(Orig. 4/21/04)

EXHIBIT "C"

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**

CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| | | **18. ADA** |

RECEIVED

**NOTE:** THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*    7  2006

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | CTHOUSING ALS |
|---|---|---|---|---|
| Iwayne Harris | F-01755 | Cook | 3rd | Y-Wing 330-U |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

**Kidney Disability**-Armstrong versus Davis Remedial Plan

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

Existing Medical Records, (CDCR)

DESCRIBE THE PROBLEM:

On 4/16/06 there was a fax sent to the Correctional Training Facility Food Manager, stating; "That anyone that was issued a Renal Diet are to be put up for transfer by C & PR for for **immediate transfer**, per: Ms. Sue Summerset, Division of Correctional Food Services and sent to one of the following institutions with a Licensed Dietician on Staff. CMF, CMC, CSPC, CIM, CSATF, WASCO State Prison and R.J. Donovan.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

That I be sent to one of the institutions with a Dietician on Staff (ASAP) as soon as possible to accomodate my special diet concerns.

INMATE/PAROLEE'S SIGNATURE                    DATE SIGNED  11-5-06

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIO

**INMATE/PAROLEE** **2ND LEVEL**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region     Log No.          Category

0 6 - 0 3 6 5 1          15 - 2

1. _____     1. _____

2. _____     2. _____

DEC 2 7 2006

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| M HARRIS, DWayne | P-01755 | | Y-330/4 |

A. Describe Problem: _____

SEE ATTACHED
1824

If you need more space, attach one additional sheet.

B. Action Requested: _____

SEE ATTACHED
1824

Inmate/Parolee Signature: _____     Date Submitted: _____

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

RECEIVED

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-3 Inmate Claim

JAN 2007

DEC 2 7 2006

CDC Appeal Number:

0 6 - **0 3 6 5 1**

CTF APPEALS          CTF APPEALS

First Level ~~Granted~~ ☐ P. Granted ☒ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: NOV 07 2006  Due Date: DEC 22 2006

Interviewed by: _See Attached_

Staff Signature: _____ Title: c c II  Date Completed: 12-21-06
Division Head Approved: Signature: _____ Title: Cept  Returned Date to Inmate: DEC 22 2006

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response

The response to my A.D.A. appeal was nothing more than a convoluted irrelevant conclusions to a serious medical issue to exclude petitioner from the service of A.D.A. When clearly he quality under the under (Armstrong Remedial Plan) (Kidney function). My issue is not whether a see attached page

Signature: _Dwayne Harris_  Date Submitted: 12-28-06

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: JAN 02 2007  Due Date: JAN 31 2007
☒ See Attached Letter

Signature: _____ R. POPE A/WW  Date Completed: 1-25-07
Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

SEE ATTACHED "

Signature: _Dwayne Harris_  Date Submitted: 2-5-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other
☐ See Attached Letter
Date: APR 24 2007

CDC 602 (12/87)

Response continued from sec. F.

(Renal Diet) is being administered. but that there
are no licensed dietitian here at C.T.F. therefore
should be transferred to an institution with Licensed
dietician.

The repsonse to ADA claim was denied. "I disagree!" Appellant's claim is in fact an ADA claim based on Armstrong versus Schwarzeneggar see "Exhibit #1." Furthermore, appellant's transfer is viable and should be granted based on thefaxed letter from the Division of Correctional Health Care Service on 04-16-2006, Per Ms. Sue Sommerset, telephone number (916) 327-2828, see "Exhibit #2" chapter 20.

Also, see "Exhibit #3." The required facilities designated for Renal Patients and with Registered Dieticians, Note: CTF is not listed among them. Therefore CTF is administering Renal Diets illegally and have been for (2) two-years since 2004.

DATEd: 2.5.07

Dwayne Ham

EXHIBIT "D"

# CDC-1824 ADA APPEAL SCREENING FORM

| To: I/M HARRIS | CDC #: P-01755 | Housing: Y-330/W. | Appeal Log # |
|---|---|---|---|

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

☐ The action or decision you are appealing is not within the jurisdiction of CDC, (CCR 3084.3(c)(1). ☐ Effective May 1, 2004, the BPT 1040 appeal process is no longer utilized. Issues concerning due process, grant or denial of parole, parole revocation, attorney or witness requests, early discharge, or good cause findings for hearings cannot be appealed. These types of appeal issues may now be forwarded to the court asking them to change the BPT action or decision. ☐ Issues concerning BPT clerical mistakes, mandatory discharge, credit eligibility during revocation terms, or other BPT rules of law may be addressed via a letter addressed to the BPT Quality Control Unit, 1515 "K" Street, Sixth Floor, Sacramento, CA, 95814.
☐ If the issue is related to a disability before, during, or after the hearing you may file a grievance on a BPT 1074 to the Chief Deputy Commissioner. (ARP §IV.J)

☐ You have already submitted an appeal on this same issue. CCR 3084.3(c)(2). Refer to Log #

☐ In your appeal, you are requesting a transfer solely for medical treatment. This request is a non-American with Disabilities Act issue; therefore, your appeal was recategorized as a CDC-602 Inmate Parolee Appeal Form. (APR §IV.23.b).

☐ In your appeal, you are complaining about pain and requesting medical treatment with no indication that program access is denied or impeded. This request is a non-Americans with Disabilities Act issue; therefore your appeal was recategorized as a CDC-602 Inmate/Parolee Appeal Form. (ARP§IV.23.b).

☒ In your appeal, you do not allege that you have a disability that substantially limits a major life activity as defined in the Armstrong Remedial Plan. This request is a non-Americans with Disabilities Act issue; therefore, your appeal was recategorized as a CDC-602 Inmate/Parolee Appeal Form. (ARP§IV.23.b).

☐ You are requesting a Second Level review. However, you have not adequately explained your dissatisfaction with the First Level review. Pursuant to the Armstrong Remedial Plan, you must explain your dissatisfaction with the First Level Response and suggest an appropriate resolution. (ARP§IV.23.e).

☐ Your appeal includes both Americans with Disabilities Act (ADA) and non-ADA issues. Staff shall address your ADA issue(s) only. Your non-ADA issue(s) may be recorded on a CDC-602 Inmate/Parolee Appeal Form. (ARP§IV.23.b).

☐ You are requesting a Second Level review. However, you failed to submit the appeal within 15 working days of receipt of the First Level decision by the Division Head. Therefore, your appeal is rejected. (APR §IV.23e / CCR 3084.3(c)(6)).

☐ You have inadequately completed the CDC Form 1824 or 602 (e.g., no signature, section incomplete, missing appeal attachments etc). Correct the missing information and forward the appeal back to the Appeal Coordinator's Office. (CCR 3084.3(c)(5)).

☐ You are requesting extended Reception Center (RC) stay credits, however, you have not been in the RC for more than 60 days. Therefore, your appeal is rejected. If you have a disability that impacts placement (CDC 1845 Section C) or undergoing dialysis treatment and still in the RC more than 60 days you may file another appeal. (APR §III.A / CCR 3084.3(c)(3)).

☐ Remark(s):

---

☐ **Please correct the indicated problems and return your appeal.**

Number of Times Screened Out

Note: Failure to follow instruction(s) will be reviewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed unless you allege the above reason(s) are inaccurate. In such a case, please return this form to the Appeals Coordinator with the necessary information. You have only 15 days to comply with any of the above directives. (CCR 3084.3(c)(6) / 3084.6(c)).

Date: 11-12-06

Appeals Coordinator

P. G. DENNIS CCII

## PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE !

cc:    Inmate
       Appeal Attachment

EX.1

EX.※ 1

## *Armstrong v. Schwarzenegger*

### Frequently Asked Questions (Revised 11-28-06)

| | *Question* | *Page* |
|---|---|---|
| 1. | *What is the Armstrong case?* | 1 |
| 2. | *What is happening in the Armstrong case now?* | 2 |
| 3. | *Can you help me with my individual lawsuit?* | 2 |
| 4. | *How do I get help for problems that have to do with my disability?* | 2 |
| 5. | *Should I be transferred to a different institution because of my disability?* | 3 |
| 6. | *Why does the CDCR require me to work or go to school when I have a disability?* | 4 |
| 7. | *I heard that if I have a disability and they do not transfer me out of Reception Center within 60 days, they have to start my half-time. Is this true?* | 5 |
| 8. | *What do I do if I am having trouble getting medical care?* | 5 |
| 9. | *Does Armstrong cover back pain?:* | 6 |
| 10. | *Inmates who go to Fire Camp get 2 for 1 credits. I could not go to Fire Camp because of my disability. Shouldn't I get 2 for 1 credits, too?* | 7 |
| 11. | *Does Armstrong apply on parole?* | 8 |
| 12. | *Does Armstrong also apply to the Board of Parole Hearings?* | 10 |
| 13. | *What is plaintiffs' counsel doing to address the effects of overcrowding on the Armstrong class?* | 11 |

## 1.    What is the Armstrong case?

**ANSWER:**   *Armstrong v. Schwarzenegger* is a federal civil rights class action to enforce the federal laws that prohibit discrimination against persons with disabilities. These federal laws are the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. (Part of the case is also against the Board of Parole Hearings ("BPH"). That part of the case also enforces the due process clause of the 14th Amendment to the United States Constitution.)

This office, working with other attorneys and law firms, brought the *Armstrong* lawsuit against the California Department of Corrections and Rehabilitation ("CDCR") and the BPH on behalf of inmates and parolees with mobility, vision, hearing, kidney, and learning disabilities. (The part of the case against the BPH also includes inmates and parolees with developmental disabilities, such as mental retardation, cerebral palsy, autism and epilepsy.) If you have one of these disabilities, you are a member of the

## ROSEN, BIEN & GALVAN, LLP

ATTORNEYS AT LAW
POST OFFICE BOX 390
SAN FRANCISCO, CALIFORNIA 94104

August 24, 2007

### CONFIDENTIAL - LEGAL MAIL

Dwayne Harris, P-01755
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

      Re:   *Armstrong v. Schwarzenegger*
            Our File No. 581-3

Dear Mr. Harris:

      This letter is to thank you for meeting with me and a paralegal from my office during my monitoring tour of CTF on August 7th, 2007. This is also in response to your letter to us dated August 8th, which we received on August 10th, 2007. The information that you provided and your personal experiences are a great help to us. Hopefully we will be able to use this information to make CTF a better place for people with disabilities.

      You talked about your need for a renal diet during our interview, but your August 8th letter made clear that what you really want is a dietician. You wish to be transferred to any institution that has a registered dietitian. Also, you say that the CDCR has denied your appeals because they state your renal disease is not an ADA issue. Your condition does in fact qualify you as a member of the *Armstrong* class, which includes inmates with mobility, vision, hearing, learning and kidney disabilities.

      I have enclosed information about the *Armstrong* case for you to review. I hope this information is helpful to you. If you have any questions, you can write to me. Take care and thank you again for meeting with us.

                           Sincerely yours,

                           ROSEN, BIEN & GALVAN, LLP

                           By: Amy Whelan

AW:hr
Encl. AFAQ

**PROOF OF SERVICE BY MAIL**
**BY PERSON IN STATE CUSTODY**
(C.C.P. §§ 1013(A), 2015,5)

I, _Dwayne Harris_ , declare:

I am over 18 years of age and I am party to this action.  I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California.  My prison address is:

_CTF-CENTRAL_ CDCR #: _P.01755_
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: _O.141_
SOLEDAD, CA 93960-0689.

On _FEBRUARY 26, 2008_, I served the attached:

_42 USC 1983 AMended CompLAinT, APPlicATion for_
_InForMA PAPeris_

on the **parties** herein by placing true and correct copies thereof, **enclosed in a sealed envelope** (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which **I am presently confined.**  The envelope was addressed as follows: _United STATES District Court_
_Northern District of California_
_450 Golden GATE Avenue_
_SAN FRANCISCO, California_
_94102_

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed on _2·26·08_ .

_Dwayne Har_
—————————————————
Declarant

1
2
3
4
5
6
7
8                              **UNITED STATES DISTRICT COURT**
                            **NORTHERN DISTRICT OF CALIFORNIA**
9        DWAYNE HARRIS
10                                              )
11                    Plaintiff,               )    CASE NO. _____ 5306
12          vs.                                )    **PRISONER'S**
13       JAMES TILTON DIRECTOR OF              )    **APPLICATION TO PROCEED**
         CDCR, BEN CURRY, WARDEN OF            )    **IN FORMA PAUPERIS** JSW
14       CTF, ET AL          Defendant.        )
15   _____  )                    **(PR)**

16          I, DWAYNE HARRIS, declare, under penalty of perjury that I am the

17   plaintiff in the above entitled case and that the information I offer throughout this application

18   is true and correct. I offer this application in support of my request to proceed without being

19   required to prepay the full amount of fees, costs or give security. I state that because of my

20   poverty I am unable to pay the costs of this action or give security, and that I believe that I am

21   entitled to relief.

22          In support of this application, I provide the following information:

23   1.      Are you presently employed?  Yes ____  No _X_

24   If your answer is "yes," state both your gross and net salary or wages per month, and give the

25   name and address of your employer:

26   Gross: _____  Net: _____

27   Employer: _____

28   _____

1  If the answer is "no," state the date of last employment and the amount of the gross and net
2  salary and wages per month which you received.  (If you are imprisoned, specify the last
3  place of employment prior to imprisonment.)

4  _____

5  _____

6  _____

7  2.     Have you received, within the past twelve (12) months, any money from any of the
8  following sources:

9     a.    Business, Profession or              Yes ___ No _X_
10           self employment
11    b.    Income from stocks, bonds,           Yes ___ No _X_
12           or royalties?
13    c.    Rent payments?                       Yes ___ No _X_
14    d.    Pensions, annuities, or              Yes ___ No _X_
15           life insurance payments?
16    e.    Federal or State welfare payments,   Yes ___ No _X_
17           Social Security or other govern-
18           ment source?

19  If the answer is "yes" to any of the above, describe each source of money and state the amount
20  received from each.

21  _____ N/A _____

22  _____

23  3.     Are you married?                      Yes ___ No _X_

24  Spouse's Full Name: _____

25  Spouse's Place of Employment: _____

26  Spouse's Monthly Salary, Wages or Income:

27  Gross $_____ Net $_____

28  4.   a.    List amount you contribute to your spouse's support:$ _____

1      b.    List the persons other than your spouse who are dependent upon you for

2          support and indicate how much you contribute toward their support.  (NOTE:

3          For minor children, list only their initials and ages.  DO NOT INCLUDE

4          THEIR NAMES.).

5  _____

6  _____

7  5.    Do you own or are you buying a home?    Yes \_\_\_ No _X_

8  Estimated Market Value: $_____ Amount of Mortgage: $_____

9  6.    Do you own an automobile?    Yes \_\_\_ No _X_

10 Make _____ Year _____ Model _____

11 Is it financed? Yes \_\_\_ No \_\_\_ If so, Total due: $_____

12 Monthly Payment: $_____

13 7.    Do you have a bank account?  Yes \_\_\_ No _X_ (Do not include account numbers.)

14 Name(s) and address(es) of bank: _____

15 _____

16 Present balance(s): $_____

17 Do you own any cash?  Yes \_\_\_ No _X_ Amount: $_____

18 Do you have any other assets? (If "yes," provide a description of each asset and its estimated

19 market value.)  Yes \_\_\_ No \_\_\_

20 _____

21 8.    What are your monthly expenses?

22 Rent: $_____ Utilities: _____

23 Food: $_____ Clothing: _____

24 Charge Accounts:

25 | Name of Account | Monthly Payment | Total Owed on This Acct. |
   |---|---|---|
   | | $ | $ |
   | | $ | $ |
   | | $ | $ |

1    9.    Do you have any other debts? (List current obligations, indicating amounts and to

2    whom they are payable. Do not include account numbers.)

3    _____

4    _____

5    10.    Does the complaint which you are seeking to file raise claims that have been presented

6    in other lawsuits?    Yes ___ No X

7    Please list the case name(s) and number(s) of the prior lawsuit(s), and the name of the court in

8    which they were filed.

9    _____N/A_____

10   _____

11         I consent to prison officials withdrawing from my trust account and paying to the court

12   the initial partial filing fee and all installment payments required by the court.

13         I declare under the penalty of perjury that the foregoing is true and correct and

14   understand that a false statement herein may result in the dismissal of my claims.

15

16   _2·20·08_                      _Wayne Ham_

17         DATE                     SIGNATURE OF APPLICANT

18

19

20

21

22

23

24

25

26

27

28

02 1M
000422961
MAILED FRO

94102

U.S. DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

450 GOLDEN AVENUE

SAN FRANCISCO, CALIFORNIA

OUR WO:
edad CA. 93960

LEGAL MAIL