IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DWAYNE HARRIS, | ) | No. C 07-5306 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING LEAVE TO AMEND; OF PARTIAL DISMISSAL AND OF; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS NOT WARRANTED; DENYING APPOINTMENT OF COUNSEL** |
| v. | ) | |
| JAMES TILTON, et al., | ) | |
| Defendants. | ) | |
| _____ | | **(Docket No. 5)** |

## INTRODUCTION

Plaintiff, currently incarcerated in Soledad, California, has filed this civil rights complaint regarding the conditions of his confinement at the prison. On February 28, 2008, Plaintiff submitted an Amended Complaint. Leave to file the Amended Complaint is GRANTED. The Court now reviews the Amended Complaint pursuant to 28 U.S.C. § 1915A and serves certain claims as set forth below.

Plaintiff has also filed a motion to proceed *in forma pauperis*, which is GRANTED in a separate order.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

1 | fails to state a claim upon which relief may be granted," or "seeks monetary relief from a
2 | defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be
3 | liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
4 | 1990).

5 |     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:
6 | (1) that a right secured by the Constitution or laws of the United States was violated, and
7 | (2) that the alleged violation was committed by a person acting under the color of state
8 | law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

Plaintiff alleges that he suffers from kidney failure, and that defendants have provided him with inadequate medical care, and a medically inappropriate diet, for his condition. The allegations in Plaintiff's Amended Complaint, when liberally construed, states a cognizable claim that Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment.

The allegations against Defendant Grannis, however, do not state a cognizable claim for relief. Plaintiff alleges that Grannis is the administrative appeals coordinator responsible for properly processing and responding to inmate appeals. There is no constitutional right to a prison administrative appeal or grievance system, however. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that ). Accordingly, Plaintiff's claims against Grannis for failing to properly process or respond to inmate appeals will be DISMISSED for failure to state a cognizable claim for relief.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Leave to file the February 28, 2008 Amended Complaint is GRANTED. Plaintiff states cognizable claims against Defendants James Tilton, Ben Curry, J.C. Sisk, A. Arfa, R. Pope, and K Dennis. All other claims against other Defendants are

1  DISMISSED and the Clerk shall TERMINATE such Defendants from this action.

2          2. The Clerk of the Court shall issue summons and the United States Marshal
3  shall Clerk of the Court shall issue summons and the United States Marshal shall serve,
4  without prepayment of fees, a copy of the Amended Complaint and all attachments
5  thereto, and a copy of this order upon: **James Tilton** at the **California Department of**
6  **Corrections and Rehabilitation** in **Sacramento, California**, and **Ben Curry, J.C. Sisk,**
7  **A. Arfa, R. Pope, and K Dennis** at the **Correctional Training Facility in Soledad,**
8  **California.** The Clerk shall also <u>mail a courtesy copy of the Amended Complaint, all</u>
9  <u>attachments thereto, and this order to the California Attorney General's Office</u> and serve
10 a copy of this order on Plaintiff.

11         3. No later than **sixty (60) days** from the date of this order, Defendants shall
12 either file a motion for summary judgment or other dispositive motion, or a notice to the
13 Court that they are of the opinion that this matter cannot be resolved by dispositive
14 motion. The motion shall be supported by adequate factual documentation and shall
15 conform in all respects to Federal Rule of Civil Procedure 56.

16              a. If defendants elect to file a motion to dismiss on the grounds that plaintiff
17 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
18 defendants **shall** do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhun*e, 315
19 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).

20              b. Any motion for summary judgment shall be supported by adequate factual
21 documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.
22 **Defendants are advised that summary judgment cannot be granted, nor qualified**
23 **immunity found, if material facts are in dispute. If any defendant is of the opinion that**
24 **this case cannot be resolved by summary judgment, he shall so inform the Court prior to**
25 **the date the summary judgment motion is due**.

26         All papers filed with the Court shall be promptly served on the Plaintiff.

3

1    4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and
2 served on defendants no later than **thirty (30) days** from the date defendants' motion is
3 filed.
4    a. In the event the defendants file an unenumerated motion to dismiss
5 under Rule 12(b), plaintiff is hereby cautioned pursuant to *Wyatt v. Terhune*, 315 F.3d
6 1108, 1119-20 & n.4 (9th Cir. 2003):

>     If defendants file an unenumerated motion to dismiss for failure to
> exhaust, they are seeking to have your case dismissed.  If the motion is
> granted it will end your case.
>     You have the right to present any evidence you may have which
> tends to show that you did exhaust your administrative remedies.  Such
> evidence may be in the form of declarations (statements signed under
> penalty of perjury) or authenticated documents, that is, documents
> accompanied by a declaration showing where they came from and why
> they are authentic, or other sworn papers, such as answers to
> interrogatories or depositions.
>     If defendants file a motion to dismiss and it is granted, your case
> will be dismissed and there will be no trial.

   b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

>     The defendants have made a motion for summary judgment by which
> they seek to have your case dismissed.  A motion for summary judgment under
> Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>     Rule 56 tells you what you must do in order to oppose a motion for
> summary judgment.  Generally, summary judgment must be granted when there
> is no genuine issue of material fact--that is,  if there is no real dispute about any
> fact that would affect the result of your case, the party who asked for summary
> judgment is entitled to judgment as a matter of law, which will end your case.
> When a party you are suing makes a motion for summary judgment that is
> properly supported by declarations (or other sworn testimony), you cannot
> simply rely on what your complaint says.  Instead, you must set out specific facts
> in declarations, depositions, answers to interrogatories, or authenticated
> documents, as provided in Rule 56(e), that contradict the facts shown in the
> defendants' declarations and documents and show that there is a genuine issue of
> material fact for trial.  If you do not submit your own evidence in opposition,
> summary judgment, if appropriate, may be entered against you.  If summary
> judgment is granted in favor of defendants, your case will be dismissed and there
> will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

4

(1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

//
//

5

10. Plaintiff's motion for appointment of counsel (docket no. 5) is DENIED for want of exceptional circumstances. This denial is without prejudice to the Court's sua sponte reconsideration.

This order terminates docket no. 5..

IT IS SO ORDERED.

DATED: <u>April 2, 2008</u>

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES TILTON et al,<br><br>　　　　Defendant.<br>_____/ | Case Number: CV07-05306 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dwayne Harris
P01755
P.O. Box 705
Soledad, CA 93960

Dated: April 2, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk