EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
ERIN SULLIVAN, State Bar No. 242757
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 703-5716
  Fax: (415) 703-5843
  Email: Erin.Sullivan@doj.ca.gov

Attorneys for Defendants Tilton, Curry, Pope, Sisk, Dennis, and Arfa

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DWAYNE HARRIS,**<br><br>                   Plaintiff,<br><br>v.<br><br>**JAMES TILTON, et al.,**<br><br>                   Defendants. | Case No. C-07-5306 JSW<br><br>**SUMMARY OF ARGUMENT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

### SUMMARY OF ARGUMENT

This Summary of Argument is submitted in accordance with U.S. District Court Judge Jeffrey S. White's Civil Standing Orders. Defendants Tilton, Curry, Pope, Sisk, Dennis, and Arfa (Defendants) move this Court to dismiss Plaintiff Dwayne Harris's (Plaintiff) Amended Complaint for failure to state a claim upon which relief can be granted, and on the grounds that Defendants are entitled to qualified immunity. Failure to state a claim upon which relief can be granted is grounds for dismissal under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). Plaintiff's claims against Defendants should be dismissed for failure to state a claim for the following reasons:

Summary of Arg. in Supp. Defs.' Mot. to Dismiss.                      Harris v. Tilton, et al.
                                                                                                                                                      Case No. C-07-5306 JSW

1

1. Liability under 42 U.S.C. § 1983 arises "only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no respondeat superior liability under 42 U.S.C. § 1983. Plaintiff's claims against Defendants Tilton and Curry rest solely on their supervisory status which is not sufficient to show the personal involvement necessary to support a § 1983 claim. *Id.*

2. To act with "deliberate indifference" under the Eighth Amendment, Defendants must have: (1) been aware of facts from which the inference could be drawn that a substantial risk of harm to Plaintiff existed; and (2) drawn the inference. *Farmer v. Brennan*, 511 U.S. 825, 843 (1994). Here, Plaintiff fails to associate any of the Defendants with the alleged constitutional deprivation.

3. A difference in medical opinion is not actionable. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). In denying Plaintiff's administrative grievance, Defendants reasonably relied on the professional recommendation of prison health care officials. Furthermore, denial of a prison grievance, in and of itself, does not rise to the level of a constitutional violation. *Mann v. Adams*, 855 F.2d 639 (9th Cir. 1988).

4. Defendants did not violate Plaintiff's Eighth Amendment right to medical care. Therefore, Defendants are entitled to qualified immunity. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

Dated: August 1, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

ERIN SULLIVAN
Deputy Attorney General
Attorneys for Defendants Tilton, Curry, Pope, Sisk, Dennis, and Arfa

20129541.wpd
SF2008401802

Summary of Arg. in Supp. Defs.' Mot. to Dismiss.

Harris v. Tilton, et al.
Case No. C-07-5306 JSW