1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | ROCHELLE C. EAST
Senior Assistant Attorney General
4 | JONATHAN L. WOLFF
Supervising Deputy Attorney General
5 | ERIN SULLIVAN, State Bar No. 242757
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 | Telephone: (415) 703-5716
Fax: (415) 703-5843
8 | Email: Erin.Sullivan@doj.ca.gov

9 | Attorneys for Defendants Tilton, Curry, Pope, Sisk,
Dennis, and Arfa

10

11

12

13 | IN THE UNITED STATES DISTRICT COURT

14 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

15 | SAN FRANCISCO DIVISION

16

| | |
|---|---|
| 17  **DWAYNE HARRIS,** | Case No. C-07-5306 JSW |
| 18                    Plaintiff, | **DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 19          **v.** | |
| 20  **JAMES TILTON, et al.,** | |
| 21                    Defendants. | |

22

23

24

25

26

27

28

Defs.' Mot. Dismiss; Mem. P. & A.

# TABLE OF CONTENTS

|  | Page |
|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | 2 |
| INTRODUCTION | 2 |
| STATEMENT OF THE ISSUES | 2 |
| STATEMENT OF THE CASE | 2 |
| STATEMENT OF FACTS | 2 |
| A.   Facts Alleged by Plaintiff in His Amended Complaint. | 2 |
| 1.   Allegations Against Defendants Tilton, Curry, Sisk, Pope, Dennis, and Arfa. | 2 |
| a.   General Allegations Against Defendants Tilton and Curry. | 2 |
| b.   General Allegations Against Defendants Sisk and Pope. | 2 |
| c.   General Allegations Against Defendant Dennis. | 3 |
| d.   General Allegations Against Defendant Arfa. | 3 |
| 2.   Allegations Regarding Plaintiff's Medical Needs. | 3 |
| B.   Plaintiff's Administrative Appeal and Request for Transfer. | 3 |
| STANDARD OF REVIEW | 4 |
| ARGUMENT | 5 |
| I.   PLAINTIFF FAILS TO ALLEGE THAT DEFENDANTS TILTON AND CURRY ARE LIABLE BASED ON THE THEORY OF SUPERVISOR LIABILITY. | 5 |
| A.   Defendant Tilton. | 5 |
| B.   Defendant Curry. | 6 |
| II.   PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT CLAIM FOR DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS. | 6 |
| A.   Deliberate Indifference Standard. | 6 |
| B.   Plaintiff Fails to Show that He Has an Objectively Serious Medical Need. | 7 |
| C.   Plaintiff Fails to Show that Defendants Were Deliberately Indifferent to His Serious Medical Need. | 8 |
| 1.   Defendants Tilton and Curry. | 8 |

Defs.' Mot. Dismiss; Mem. P. & A.                    *Harris v. Tilton, et al.*
                                                      Case No. C-07-5306 JSW

i

**TABLE OF CONTENTS  (continued)**

Page

2.    Defendant Dennis.    9

3.    Defendants Sisk, Pope, and Arfa.    9

III.  DEFENDANTS CURRY, SISK, POPE, DENNIS, AND ARFA
MUST BE DISMISSED UNDER RULE 12(b)(6) BECAUSE
PLAINTIFF'S CLAIMS AGAINST THEM ARISE SOLELY FROM
THE HANDLING OF HIS ADMINISTRATIVE GRIEVANCE.    10

A.   Defendant Curry.    11

B.   Defendants Sisk and Pope.    11

C.   Defendants Dennis and Arfa.    12

IV.   BECAUSE PLAINTIFF IS NOT RECEIVING DIALYSIS,
PLAINTIFF IS NOT ENTITLED TO TRANSFER TO AN
INSTITUTION WITH A REGISTERED DIETICIAN ON STAFF.    12

V.    PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF IS BARRED
BY *PLATA*.    13

VI.   DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.    14

A.   Defendants' Conduct Did Not Violate a Constitutional Right.    14

B.   Defendants Are Entitled to Qualified Immunity Because It Would Not
Have Been Clear to a Reasonable Official that the Conduct at Issue was
Unlawful.    14

CONCLUSION    15

Defs.' Mot. Dismiss; Mem. P. & A.                    *Harris v. Tilton, et al.*
Case No. C-07-5306 JSW

ii

1

## TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4

*Anderson v. Creighton*
483 U.S. 635 (1987)                                                          15

5

*Balisteri v. Pacifica Police Dep't*
6    901 F.2d 696 (9th Cir. 1990)                                           10

7    *Bell Atlantic Corp. v. Twombly*
127 S. Ct. 1955 (2007)                                                        5

8

*Choyce v. Saylor*
9    No. 07-2394 PJH (PR), 2007 WL 3035406 (N.D. Cal. Oct. 16, 2007)    13

10   *Davis v. Scherer*
486 U.S. 193 (1984)                                                          15

11

*Estelle v. Gamble*
12   429 U.S. 97 (1976)                                                        6

13   *Farmer v. Brennan*
511 U.S. 825 (1994)                                                         7-9

14

*Gillespie v. Crawford*
15   858 F.2d 1101 (5th Cir. 1988)                                          13

16   *Hallett v. Morgan*
296 F.3d 732 (9th Cir. 2002)                                               7

17

*Hansen v. Black*
18   885 F.2d 642 (9th Cir. 1989)                                            5

19   *Harlow v. Fitzgerald*
457 U.S. 800 (1982)                                                          14

20

*Hospital Bldg. Co. v. Rex Hosp. Trustees*
21   425 U.S. 738 (1976)                                                       5

22   *Jackson v. McIntosh*
90 F.3d 330 (9th Cir. 1996)                                              9, 10

23

*Jett v. Penner*
24   439 F.3d 1091 (9th Cir. 2006)                                           7

25   *Leer v. Murphy*
844 F.2d 628 (9th Cir. 1988)                                               7

26

*Malley v. Briggs*
27   475 U.S. 335 (1986)                                                    14, 15

28   *Mann v. Adams*
855 F.2d 639 (9th Cir. 1988)                                          10, 11, 12

Defs.' Mot. Dismiss; Mem. P. & A.                    *Harris v. Tilton, et al.*
Case No. C-07-5306 JSW

iii

**TABLE OF AUTHORITIES** (continued)

Page

*McGuckin v. Smith*
974 F.2d 1050 (9th Cir. 1992)                                             7

*McNeil v. Guthrie*
945 F.2d 1163 (10th Cir. 1991)                                       13, 14

*Oliver v. Keller*
289 F.3d 623 (9th Cir. 2002)                                              7

*Plata v. Schwarzenegger*
No. C-01-1351 T.E.H. (N.D. Cal.)                                     13, 14

*Ramirez v. Galaza*
334 F.3d 850 (9th Cir. 2003)                                             10

*Robertson v. Dean Witter Reynolds, Inc.,*
749 F.2d 530 (9th Cir. 1984)                                              4

*Saucier v. Katz*
533 U.S. 194 (2001)                                                  14, 15

*Taylor v. List*
880 F.2d 1040 (9th Cir. 1989)                                          5, 6

*Terracom v. Valley National Bank*
49 F.3d 555 (9th Cir. 1995)                                              4

*Thompson v. Davis*
295 F.3d 890 (9th Cir. 2002)                                             5

*Toguchi v. Chung*
391 F.3d 1051 (9th Cir. 2004)                                            7

*Williams v. Wood*
223 F. App'x 670 (9th Cir. 2007)                                     11, 12

**Constitutional Provisions**

United States Constitution
     Eighth Amendment                                       2, 7, 8, 15

**Statutes**

Federal Rules of Civil Procedure
     rule 12(b)(6)                                              4, 5

United States Code, Title 42
     § 1983                                             2, *passim*

Defs.' Mot. Dismiss; Mem. P. & A.                    *Harris v. Tilton, et al.*
                                                     Case No. C-07-5306 JSW

iv

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **INTRODUCTION**

3        Plaintiff Dwayne Harris, an inmate allegedly suffering from kidney failure, claims that

4    Defendants Tilton, Curry, Pope, Sisk, Dennis, and Arfa (Defendants) violated his constitutional

5    rights by providing him with inadequate medical care and a medically inappropriate diet. However,

6    as the following will demonstrate, Defendants were not deliberately indifferent to Plaintiff's medical

7    condition. Accordingly, Defendants move this Court to dismiss this action for Plaintiff's failure to

8    state a claim upon which relief may be granted, and on the grounds that Defendants are entitled to

9    qualified immunity.

10   **STATEMENT OF THE ISSUES**

11       1.    The U.S. Supreme Court recognizes that only acts or omissions sufficiently harmful to

12   evidence deliberate indifference to serious medical needs can support an Eighth Amendment

13   inadequate medical care claim.    Plaintiff fails to demonstrate that Defendants had requisite

14   knowledge to act with deliberate indifference. Were Defendants deliberately indifferent to Plaintiff's

15   serious medical needs within the meaning of the Eighth Amendment?

16       2.    Plaintiff failed to demonstrate that Defendants violated his Eighth Amendment right to

17   receive adequate medical care. Are Defendants entitled to qualified immunity under the facts alleged

18   in the Amended Complaint?

19   **STATEMENT OF THE CASE**

20       Plaintiff is an inmate incarcerated within the California Department of Corrections and

21   Rehabilitation (CDCR).  Currently housed at California State Prison, Avenal, the Complaint was

22   originally filed on October 18, 2007, when Plaintiff was an inmate at the Correctional Training

23   Facility (CTF). (Docket No. 6, 11:21.)

24       On February 28, 2008, Plaintiff filed an Amended Complaint under 42 U.S.C. § 1983. (*Id.* at

25   1.) The Court screened Plaintiff's Amended Complaint and summarized Plaintiff's claim as follows:

26   "Plaintiff alleges that he suffers from kidney failure, and that defendants have provided him with

27   inadequate medical care, and a medically inappropriate diet, for his condition." (*Id.* at 2:10-12.) The

28   Court found that Plaintiff stated a cognizable Eighth Amendment claim against Defendants, and

Defs.' Mot. Dismiss; Mem. P. & A.    *Harris v. Tilton, et al.*
Case No. C-07-5306 JSW

1    dismissed all other claims against other defendants. (*Id.* at 2:12-14, 2:24-26.) Defendants move this

2    Court to dismiss Plaintiff's Amended Complaint for failure to state a claim, and because Defendants

3    are entitled to qualified immunity.

4                                **STATEMENT OF FACTS**

5        **A.    Facts Alleged by Plaintiff in His Amended Complaint.**

6        In his Amended Complaint, Plaintiff alleges that Defendants violated his constitutional rights:

7    "(1) to receive medical treatment for his medical condition; (2) to receive a renal diet consistant [sic]

8    with Plaintiff's medical condition; and (3) for failing to house Plaintiff in a facility that has a renal

9    or gluten-free diet and a registered dietician." (Docket No. 6, 3:9-14.) The combined effect has

10   allegedly caused him "not to receive medical treatment for a medical condition consistant [sic] with

11   kidney failure" while the alleged delay in transfer has caused "undue pain and suffering and stress

12   by not being able to receive treatment and transfer to a facility where Plaintiff could receive

13   treatment." (*Id.* at 3:14-15, 16-18.)

14       **1.    Allegations Against Defendants Tilton, Curry, Sisk, Pope, Dennis, and Arfa.**

15       Plaintiff claims that each of the Defendants [1] are "responsible in some manner for the violation

16   and injuries." (*Id.* at 10:20-22.) Defendants are sued in their official and individual capacities.

17            **a.    General Allegations Against Defendants Tilton and Curry.**

18       Plaintiff alleges Defendant Tilton, the former CDCR Secretary, "is and has been responsible

19   [for] assuring that all inmates receive proper medical care, including proper diagnosis and

20   treatment." (*Id.* at 6:17-19.) Plaintiff alleges Defendant Curry, the Warden at CTF, is "responsible

21   for assuring that CTF Soledad provide proper medical care in keeping with policies and procedures

22   . . . and to assure that all other medical providers with whom CDCR contracted to provide proper

23   treatment for the inmate." (*Id.* at 6:24-27.)

24            **b.    General Allegations Against Defendants Sisk and Pope.**

25       Plaintiff alleges that Defendant Sisk, the Associate Warden at CTF, "is and has been

26

27       1. Plaintiff consistently and loosely uses the term "Defendants" throughout his Amended
28   Complaint, making it difficult to understand how each Defendant is personally involved in his
     alleged constitutional deprivation.

Defs.' Mot. Dismiss; Mem. P. & A.                                          *Harris v. Tilton, et al.*
                                                                          Case No. C-07-5306 JSW

                                            2

1   responsible for assuring that all inmates receive proper medical care including proper . . . diagnosis

2   and treatment." (*Id.* at 9:12-14.)  Plaintiff alleges that Defendant Pope, a Captain at CTF, is

3   responsible for the "implementation of monitoring compliance with enforcing of policies and

4   procedures affecting the medical care of all inmates at CTF Soledad." (*Id.* at 9:12-14, 9:26-28.)

5           **c.    General Allegations Against Defendant Dennis.**

6           While Plaintiff makes no specific allegations against Defendant Dennis, a Correctional

7   Counselor II at CTF[2/], there are two fleeting references to him in the Amended Complaint.  First,

8   Plaintiff lists the names and titles of each Defendant, including Defendant Dennis, in the introductory

9   section of the Amended Complaint. (*Id.* at 3:2.)  Second, Plaintiff suggests that Defendant Dennis

10  denied his inmate appeal on November 12, 2006. (*Id.* at 11:19-20.)

11          **d.    General Allegations Against Defendant Arfa.**

12          As a Correctional Counselor II at CTF, Defendant Arfa interviewed Plaintiff on November 22,

13  2006 about the alleged grievance and ultimately denied Plaintiff's appeal at the first level. (Docket

14  No. 1, Ex. F; Docket No. 6, Ex. C.)  Without making any specific allegations, Plaintiff alleges that

15  Defendant Arfa "is and has been responsible for all well being, safety, and security of all inmates at

16  CTF-Soledad." (Docket No. 6, 9:20-21.)

17          **2.    Allegations Regarding Plaintiff's Medical Needs.**

18          Plaintiff alleges that he was diagnosed with chronic kidney failure in October 2004. (*Id.* at

19  10:25-26.)  At this time, Plaintiff was issued a "special diet" and medical treatment to maintain

20  normal kidney function. (*Id.* at 10:25-27.)  As a result of this diagnosis, Plaintiff claims that he

21  suffered and continues to suffer from "severe swelling, spilling of protein" and blood in his urine.

22  (*Id.* at 10:28, 11:1.)

23      **B.    Plaintiff's Administrative Appeal and Request for Transfer.**

24          Plaintiff alludes to an April 14, 2006 fax from CDCR's Departmental Food Administrator

25  requiring the transfer of inmate-patients on a renal diet to a CDCR institution with a registered

26  dietician on staff. (*Id.* at 12:3-6, Ex. B., Ex. C.)  Defendants have been allegedly aware of Plaintiff's

27

28          2.  Plaintiff erroneously lists Defendant Dennis' title as "SSA Medical Appeals Analyst."
    (Docket No. 6, 3:2.)

Defs.' Mot. Dismiss; Mem. P. & A.                                    *Harris v. Tilton, et al.*
                                                                    Case No. C-07-5306 JSW

3

1  need for such a dietician since April 2004 and have "repeatedly delayed" transfer. (*Id.* at 11:2-7.)

2    On November 5, 2006, Plaintiff submitted an Americans with Disabilities Act (ADA)

3  accommodation request. In it, Plaintiff describes his request as follows: "that I be sent to one of the

4  institutions with a Dietician on staff . . . as soon as possible to accomodate (sic) my special diet

5  concern." (*Id.* at Ex. C.) The ADA appeal was screened on November 12, 2006 by Defendant

6  Dennis. (*Id.* at Ex. D.) Because Plaintiff failed to allege that he had an ADA disability, the form

7  was returned to Plaintiff and re-categorized as Inmate/Parolee Appeal Number 06-03651. (*Id.*)

8    On November 22, 2006, Plaintiff was interviewed by Defendant Arfa, CCII, about the alleged

9  grievance and Plaintiff's desire for transfer. (Docket No. 1, Ex. F.) On December 6, 2006,

10  Defendant Arfa consulted with Barbara Navalta, CTF's Supervising Registered Nurse, about

11  Plaintiff's grievance. (*Id.*) Registered Nurse Navalta indicated that renal diets are available at CTF

12  and there was no need for an inmate-patient to transfer to get that diet. (*Id.*) Therefore, Plaintiff's

13  appeal was denied at the first-level on December 21, 2006. (Docket No. 6, Ex. C.)

14    Dissatisfied, Plaintiff submitted a second-level review on December 28, 2006 which was

15  ultimately denied because: (1) Plaintiff can receive a renal diet at CTF; (2) Plaintiff is under the care

16  of CTF doctors; and (3) there was no "medical or casework need indicating a transfer." (Docket No.

17  1, Ex. F.) Plaintiff exhausted his administrative remedies by submitting a Director's Level Review

18  request on February 5, 2007. (*Id.*) Plaintiff's appeal was finally denied at the Director's Level

19  because "qualified medical staff" verified that Plaintiff can receive a renal diet at CTF and "there are

20  no medical or program needs that indicate a transfer is required." (*Id.* at Ex. G.)

21                                   **STANDARD OF REVIEW**

22    Failure to state a claim upon which relief can be granted is grounds for dismissal under Rule

23  12(b)(6). Fed. R. Civ. P. 12(b)(6). "[A] complaint should not be dismissed for failure to state a

24  claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

25  claim which would entitle him to relief." *Terracom v. Valley National Bank*, 49 F.3d 555, 558 (9th

26  Cir. 1995). Dismissal under Rule 12(b)(6) is also appropriate where the complaint lacks a

27  cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

28  A pleading must convey more than "labels and conclusions," and Plaintiff's factual allegations "must

Defs.' Mot. Dismiss; Mem. P. & A.                                     *Harris v. Tilton, et al.*
                                                                      Case No. C-07-5306 JSW

4

1   be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 127

2   S. Ct. 1955, 1965 (2007). In reviewing a complaint under this standard, the court accepts as true the

3   allegations of the complaint. *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976).

4                                         <u>ARGUMENT</u>

5   **I.    PLAINTIFF FAILS TO ALLEGE THAT DEFENDANTS TILTON AND CURRY
6          ARE LIABLE BASED ON THE THEORY OF SUPERVISOR LIABILITY.**

7          Under the Eighth Amendment, "deliberate indifference" requires a causal link between a

8   defendant's actions and the alleged constitutional deprivation. Specifically, liability under § 1983

9   arises "only upon a showing of personal participation by the defendant" in the alleged constitutional

10  violation. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). There is no respondeat superior

11  liability under 42 U.S.C. § 1983. *Id.* Instead, supervisors are only liable for the constitutional

12  violations of their employees if: (1) the supervisor is personally involved in the constitutional

13  deprivation, or (2) "a sufficient causal connection [exists] between the supervisor's wrongful conduct

14  and the constitutional violation." *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989). In other

15  words, supervisors must play an affirmative role in the alleged constitutional deprivation.

16         When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept the facts

17  presented as true and construe the complaint in the light most favorable to the nonmoving party.

18  *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir. 2002). Because Plaintiff failed to properly allege

19  supervisor liability by Defendants Tilton and Curry, claims against them should be dismissed.

20         **A.    Defendant Tilton.**

21         Plaintiff fails to state a claim against former CDCR Secretary Defendant Tilton.[3/] Plaintiff

22  simply alleges that Defendant Tilton "is and has been responsible [for] assuring that all inmates

23  receive proper medical care, including proper diagnosis and treatment." (Docket No. 6, 6:17-19.)

24         Plaintiff provides no evidence that Defendant Tilton was subjectively aware of Plaintiff's

25  alleged serious medical condition or his need to transfer to a CDCR institution with a registered

26  dietician. Plaintiff also fails to show that Defendant Tilton personally participated in the denial of

27

28         3. Now retired, Defendant Tilton served as Secretary of CDCR at the time Plaintiff filed his
    Complaint.

    Defs.' Mot. Dismiss; Mem. P. & A.                              *Harris v. Tilton, et al.*
                                                                    Case No. C-07-5306 JSW

1   his administrative grievance.  Instead, Plaintiff's argument rests solely on Defendant Tilton's

2   supervisory status which is not sufficient to show the personal involvement necessary for a § 1983

3   claim.  *Taylor,* 880 F.2d at 1045.  Because Plaintiff fails to make the necessary link between

4   Defendant Tilton's alleged wrongful conduct and the alleged constitutional violation, Plaintiff's

5   claim against Defendant Tilton should be dismissed.

6   **B.   Defendant Curry.**

7   Plaintiff also fails to state a claim against Defendant Curry, the Warden of CTF.  Plaintiff

8   attempts to link Defendant Curry to the alleged constitutional deprivation by suggesting that

9   Defendant Curry is "responsible for assuring that CTF Soledad provide proper medical care in

10  keeping with policies and procedures . . . and to assure that all other medical providers with whom

11  CDCR contracted to provide proper treatment for the inmate." (*Id.* at 6:24-27.) However, Plaintiff

12  fails to show that Defendant Curry was subjectively aware of Plaintiff's alleged serious medical

13  condition or his need to transfer to a CDCR institution with a registered dietician.

14  Here, Plaintiff's argument rests solely on Defendant Curry's supervisory status which, as noted

15  above, is not sufficient to show the personal involvement necessary for a § 1983 claim.  Accordingly,

16  Plaintiff's claim against Defendant Curry should be dismissed.

17  **II.   PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT CLAIM FOR
        DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS.**

18

19  **A.   Deliberate Indifference Standard.**

20  To establish an Eighth Amendment claim that inadequate medical care rises to the level of cruel

21  and unusual punishment, Plaintiff must prove "deliberate indifference to serious medical needs."

22  *Estelle v. Gamble,* 429 U.S. 97, 104 (1976).  Courts recognize that not every alleged inadequate

23  medical care claim brought by a prisoner amounts to a constitutional violation.  *Id.* at 105.  For

24  instance, neither physician negligence nor medical malpractice are necessarily constitutional

25  violations "merely because the victim is a prisoner." *Id.* at 106.

26  A successful Eighth Amendment deliberate indifference claim must satisfy a two-prong test.

27  *Estelle,* 429 U.S. at 106.  The prisoner-plaintiff must demonstrate: (1) that "the prison official

28  deprived the prisoner of the 'minimal civilized measures of life's necessities'"; and (2) that the

Defs.' Mot. Dismiss; Mem. P. & A.                                          *Harris v. Tilton, et al.*
                                                                           Case No. C-07-5306 JSW

1  prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051,

2  1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)). To establish

3  an Eighth Amendment deliberate indifference claim, it is not enough that a prisoner-plaintiff has an

4  objectively serious need for medical treatment. The prisoner-plaintiff must also demonstrate

5  deliberate indifference by showing a "purposeful act or failure to act on the part of the defendant."

6  *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).

7      This subjective component of the deliberate indifference test is satisfied by showing: (1) a

8  purposeful act or failure to respond to a prisoner's pain or possible medical need; and (2) harm

9  caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate

10  indifference standard requires proving some degree of "individual culpability" whereby Plaintiff

11  must allege "specific facts as to each individual defendant's deliberate indifference." *Leer v.*

12  *Murphy*, 844 F.2d 628, 633-634 (9th Cir. 1988). Liability under the Eighth Amendment arises if the

13  official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing

14  to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

15      **B.    Plaintiff Fails to Show that He Has an Objectively Serious Medical Need.**

16      To state a claim for deliberate indifference to serious medical needs in violation of the Eighth

17  Amendment, Plaintiff must first show that he has an objectively serious medical need. A "serious"

18  medical need exists "if the failure to treat a prisoner's condition could result in further significant

19  injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059.

20      Undisputably, Plaintiff suffers from kidney failure. His alleged symptoms include elevated

21  protein and creatine levels, severe swelling, and joint pain. (Docket No. 6, 12:15-16, 18-21.)

22  Furthermore, Plaintiff is not contesting malnutrition or the need for a renal diet. Instead, Plaintiff

23  contends that Defendants violated his Eighth Amendment rights by not transferring him from CTF

24  to an institution with a registered dietician. However, Plaintiff fails to show how he suffered

25  additional kidney damage as a result of Defendants' actions or inactions. Rather, Plaintiff

26  speculatively states that "failure to treat it is likely to cause more serious injury." (*Id.* at 12:17-18.)

27      Under the Eighth Amendment, an injury must be more than "de minimis." *Oliver v. Keller*, 289

28  F.3d 623, 626 (9th Cir. 2002). Here, Plaintiff fails to demonstrate with specificity: (1) how

Defs.' Mot. Dismiss; Mem. P. & A.                                                    *Harris v. Tilton, et al.*
                                                                                      Case No. C-07-5306 JSW

1 Defendants' failure to transfer Plaintiff to an institution with a registered dietician aggravated his

2 medical condition; or (2) how the transfer will actually improve his medical condition.  Accordingly,

3 Plaintiff has not satisfied the first prong of the deliberate indifference test and his claims against

4 Defendants should be dismissed.

5    **C.    Plaintiff Fails to Show that Defendants Were Deliberately Indifferent to His Serious Medical Need.**

6

7 Even if the Court finds that Plaintiff demonstrated a serious medical need, he nonetheless fails

8 to satisfy the subjective second prong of the Eighth Amendment deliberate indifference test.  To

9 establish an Eighth Amendment violation for inadequate medical treatment, Plaintiff must show that

10 Defendants had "a sufficiently culpable state of mind" in denying him proper medical care.  *Farmer,*

11 511 U.S. at 834.

12 Plaintiff makes the conclusory allegation that each of the Defendants were, in some manner,

13 responsible for the alleged constitutional deprivation and injuries.  (Docket No. 6, 10: 20-22.)

14 Plaintiff must allege more - he must prove that Defendants were: (1) aware of facts from which the

15 inference could be drawn that a substantial risk of harm to Plaintiff existed; <u>and</u> (2) that Defendants

16 actually drew that inference.  *Farmer,* 511 U.S. at 843.

17 Here, Plaintiff fails to associate any of the Defendants with the alleged constitutional

18 deprivation nor does he allege facts which demonstrate that any particular prison official was the

19 actual and proximate cause of his alleged constitutional violation.  Accordingly, Defendants were

20 not deliberately indifferent to Plaintiff's rights under the Eighth Amendment.

21    **1.    Defendants Tilton and Curry.**

22 A prison official is only liable under the Eighth Amendment if the official subjectively "knows

23 that inmates face a substantial risk of serious harm and disregards that risk by failing to take

24 reasonable measures to abate it."  *Farmer,* 511 U.S. at 847.  Here, Plaintiff does not show that

25 Defendants Tilton or Curry knew of and disregarded a substantial risk to Plaintiff's health.

26 As discussed in Section II above, Plaintiff's claims against Defendants Tilton and Curry rest

27 solely on their supervisory status which is not sufficient to show the personal involvement necessary

28 for a § 1983 claim.  Because Defendants Tilton and Curry did not know about Plaintiff's alleged

Defs.' Mot. Dismiss; Mem. P. & A.

1  constitutional deprivation, it follows that they could not have drawn the substantial risk inference,

2  as required under the *Farmer* deliberate indifference test. Accordingly, Plaintiff's claims against

3  Defendants Tilton and Curry should be dismissed for failure to state a claim.

4        **2.    Defendant Dennis.**

5        Plaintiff claims that, on November 12, 2006, Defendant Dennis "denied" his inmate appeal

6  requesting transfer to a facility with a registered dietician. (Docket No. 6, 11: 16-20.) Nothing in

7  the record suggests that Defendant Dennis "denied" Plaintiff's administrative appeal. Defendant

8  Dennis simply reclassified the ADA appeal as an Inmate/Parolee Appeal Form because Plaintiff

9  failed to allege that he had an ADA disability. (Docket No. 6, Ex. D.)

10       Plaintiff fails to explain how the grievance reclassification violates his constitutional rights so

11  as to state a claim under § 1983. Specifically, Plaintiff does not allege any facts to suggest that

12  Defendant Dennis knew of and disregarded an excessive risk to Plaintiff's health or safety. *Farmer,*

13  511 U.S. at 837. Accordingly, Plaintiff's claim against Defendant Dennis should be dismissed.

14       **3.    Defendants Sisk, Pope, and Arfa.**

15       To demonstrate that Defendants Sisk, Pope, and Arfa acted with deliberate indifference,

16  Plaintiff must explain that Defendants knew Plaintiff faced a "substantial risk of harm" and

17  disregarded that risk by "failing to take reasonable measures to abate it." *Farmer,* 511 U.S. at 847.

18  Here, Plaintiff's deliberate indifference claims against Defendants Sisk, Pope, and Arfa seem to stem

19  from their involvement in the denial of Plaintiff's administrative appeal (Log No. 06-03651).

20  However, Plaintiff does not actually set forth any facts linking these Defendants to the alleged

21  constitutional deprivation.

22       Even if Plaintiff had properly demonstrated that Defendants Sisk, Pope, and Arfa were

23  personally involved in the alleged constitutional deprivation, a difference in medical opinion is not

24  actionable. *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1996). Defendant Arfa interviewed

25  Plaintiff about his administrative grievance on November 22, 2006. (Docket No. 1, Ex. F.)

26  Following the interview, Defendant Arfa consulted with the CTF Supervising Registered Nurse,

27  Barbara Navalta. Registered Nurse Navalta ultimately recommended that renal diets are available

28  at CTF and "there was no need for [Plaintiff] to transfer to get that diet." (*Id.*)

Defs.' Mot. Dismiss; Mem. P. & A.                                              *Harris v. Tilton, et al.*
                                                                              Case No. C-07-5306 JSW

1    Plaintiff is not contesting whether or not he is receiving a renal diet. (Docket No. 6, Ex. C.)

2    Plaintiff simply wants to transfer to an institution with a registered dietician on staff, which, based

3    on the recommendation of CTF's Supervising Registered Nurse, is unwarranted and unnecessary.

4    (Docket No. 1, Ex. F.) The Ninth Circuit recognizes that a difference in medical opinion between

5    an inmate and a prison health care provider does not necessarily rise to the level of deliberate

6    indifference. *Jackson,* 90 F.3d at 332.

7    Here, a difference of opinion exists between Plaintiff and Registered Nurse Navalta. Relying

8    strictly on the medical judgment of Registered Nurse Navalta, Defendants Sisk, Pope, and Arfa

9    denied Plaintiff's administrative grievance because, according to Registered Nurse Navalta, Plaintiff

10   "can receive a renal diet at CTF" and there was "no medical or casework need indicating a transfer."

11   (Docket No. 1, Ex. F.) This difference of medical opinion does not constitute deliberate indifference

12   and, therefore, Plaintiff's claims against Defendants Sisk, Pope, and Arfa should be dismissed.

13   **III. DEFENDANTS CURRY, SISK, POPE, DENNIS, AND ARFA MUST BE
     DISMISSED UNDER RULE 12(b)(6) BECAUSE PLAINTIFF'S CLAIMS**
14   **AGAINST THEM ARISE SOLELY FROM THE HANDLING OF HIS
     ADMINISTRATIVE GRIEVANCE.**
15

16   In an action brought under 42 U.S.C. § 1983, a plaintiff's allegations must show that: (1) the

17   conduct complained of was committed by a person acting under the color of state law; and (2) the

18   conduct deprived the plaintiff of a constitutional right. *Balisteri v. Pacifica Police Dep't,* 901 F.2d

19   696, 699 (9th Cir. 1990). However, as this Court recognizes in its Order Granting Leave to Amend,

20   "there is no constitutional right to a prison administrative appeal or grievance system." (Docket No.

21   5, 2:17-18.) *See Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003); *see also Mann v. Adams,* 855

22   F.2d 639, 640 (9th Cir. 1988).

23   Plaintiff suggests that each of the Defendants "is responsible in some manner for the violation

24   and injuries" alleged in the Amended Complaint. (*Id.* at 10:20-22.) However, Plaintiff fails to

25   provide any facts to support this allegation. By piecing together the exhibits attached to Plaintiff's

26   Amended Complaint, it becomes clear that Defendants Curry, Sisk, Pope, Dennis, and Arfa were

27   simply the officials who investigated and/or responded to Plaintiff's administrative appeal.

28   Accordingly, Plaintiff's claims against Defendants Curry, Sisk, Pope, Dennis, and Arfa should be

1 | dismissed for failure to state a cognizable claim for relief.

2 | **A. Defendant Curry.**

3 | Plaintiff fails to articulate or specify any facts to support the claim against Defendant Curry.

4 | However, an exhibit attached to Plaintiff's original Complaint reveals an insufficient glimmer of

5 | personal involvement. Specifically, Defendant Curry's type-written name appears on the second-

6 | level grievance response. (Docket No. 1, Ex. F.) However, Defendant Curry did not actually sign

7 | his name. Rather, Defendant Curry referred signature responsibility to another prison official.

8 | Regardless of who signed the second-level response, the denial of a prison grievance, in and

9 | of itself, does not rise to the level of a constitutional violation. *Williams v. Wood,* 223 F. App'x 670,

10 | 672 (9th Cir. 2007); *see also Mann v. Adams,* 855 F.2d 639 (9th Cir. 1988). There is no further

11 | evidence or allegation that Defendant Curry personally participated in the denial of Plaintiff's

12 | grievance or otherwise directed the alleged constitutional violations. Thus, Plaintiff's claim against

13 | Defendant Curry should be dismissed.

14 | **B. Defendants Sisk and Pope.**

15 | Plaintiff fails to state a claim against Defendants Sisk and Pope. Plaintiff alleges that Defendant

16 | Sisk "is and has been responsible for assuring that all inmates receive proper medical care, including

17 | proper medical and diagnosis and treatment." (Docket No. 6, 9:12-14.) Similarly, Plaintiff claims

18 | that Defendant Pope is responsible for the "implementation of monitoring compliance with enforcing

19 | of policies and procedures affecting the medical care of all inmates at CTF Soledad." (*Id.* at 9:12-14,

20 | 9:26-28.)

21 | Defendants Sisk and Pope are loosely tied to the denial of Plaintiff's administrative grievance.

22 | Although Plaintiff does not specify their involvement, the exhibits attached to Plaintiff's Amended

23 | Complaint indicate that Defendant Sisk denied Plaintiff's first-level response while Defendant Pope

24 | denied Plaintiff's second-level response. (*Id.* at Ex. C.)

25 | Although Defendants Sisk and Pope may have helped process Plaintiff's inmate appeal, the

26 | denial of a prison grievance, in and of itself, does not rise to the level of a constitutional violation.

27 | *Williams,* 223 F. App'x at 672; *see also Mann,* 855 F.2d 639. Therefore, Plaintiff's claims against

28 | Defendants Sisk and Pope should be dismissed.

1    **C.    Defendants Dennis and Arfa.**

2        Finally, Plaintiff fails to state a cognizable claim against Defendants Dennis and Arfa -

3    Correctional Counselors at CTF.  Plaintiff must allege, with at least some degree of particularity,

4    specific overt acts which Defendants Dennis and Arfa engaged in that support his claims.  Here,

5    Plaintiff's claims against these Defendants are not clearly established.

6        Defendant Dennis' name appears only twice in the Amended Complaint.  First, Plaintiff lists

7    the full names of each Defendant, including Defendant Dennis, on the second page of the Amended

8    Complaint.  Second, Plaintiff alleges that his ADA appeal was denied by Defendant Dennis on

9    November 12, 2006.  (Docket No. 6, 11:19-20.)  Exhibit D of Plaintiff's Amended Complaint

10   indicates that Defendant Dennis simply re-categorized Plaintiff's ADA appeal as a CDC-602

11   Inmate/Parolee Appeal Form.

12       Similarly, Plaintiff fails to raise specific allegations against Defendant Arfa.  Exhibit C of

13   Plaintiff's Amended Complaint indicates that Defendant Arfa denied Plaintiff's first-level review

14   on December 21, 2006.  (*Id.* at Ex. C.)  Apart from this reference, Plaintiff fails to specify how

15   Defendant Arfa's actions caused the deprivation of Plaintiff's constitutionally protected rights.

16       As mentioned previously, denial or re-classification of an inmate grievance does not rise to the

17   level of a constitutional violation.  *Williams,* 223 F. App'x at 672; *see also Mann,* 855 F.2d 639.

18   Because Plaintiff's only allegations as to Defendants Dennis and Arfa are vague and conclusory, any

19   claims against Defendants Dennis or Arfa should be dismissed.

20   **IV.   BECAUSE PLAINTIFF IS NOT RECEIVING DIALYSIS, PLAINTIFF IS NOT
         ENTITLED TO TRANSFER TO AN INSTITUTION WITH A REGISTERED**
21       **DIETICIAN ON STAFF.**

22       In his Amended Complaint, Plaintiff references CDCR's "Chapter 20: Outpatient Therapeutic

23   Diets, Nourishment and Supplements Policy." (Docket No. 6, Ex. B.)  Specifically, Plaintiff alleges

24   that "from April 2004 to present, Defendants have repeatedly delayed transferring Plaintiff to a

25   medical facility with a registered dietician based on (CDCR) policies." (*Id.* at 11:5-7.)  Plaintiff cites

26   to CDCR's policy to support his allegation that "inmate patients requiring a renal or gluten free diet

27   shall be housed at an institution that has a registered dietician." (*Id.* at 12:3-6.)

28       A careful reading of the policy reveals that the transfer provision only applies to two groups of

---

Defs.' Mot. Dismiss; Mem. P. & A.                                          *Harris v. Tilton, et al.*
                                                                           Case No. C-07-5306 JSW

1  inmate-patients: (1) those receiving dialysis; and (2) those with Celiac disease. (*Id.*) Section III of

2  the policy defines "renal diet" as "an outpatient therapeutic diet prescribed by a physician for an

3  inmate-patient <u>receiving dialysis treatment</u>. All inmate-patients <u>receiving dialysis</u> shall be prescribed

4  a renal diet." (*Id.,* at Ex. B (emphasis added).)  The policy further states that "inmate-patients

5  requiring a renal or gluten-free diet shall be housed at an institution that has a Registered Dietician."

6  (*Id.*)  In other words, CDCR's transfer policy is twofold: (1) the inmate-patient must be receiving

7  dialysis treatment in order to receive a renal diet; and (2) only those inmate-patients receiving

8  dialysis and a renal diet may be transferred to an institution with a registered dietician.  Nothing in

9  the record suggests that Plaintiff was, or is, receiving dialysis - a prerequisite to issuance of a renal

10  diet and transfer under CDCR's policies.  Because Plaintiff is not entitled to the transfer he desires,

11  this Court should dismiss Plaintiff's inadequate medical care and medically inappropriate diet

12  claims.

13  **V.   PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF IS BARRED BY *PLATA*.**

14        Plaintiff seeks injunctive relief "in the form of proper medical diagnostic testing and treatment."

15  (Docket No. 6, 13:23-24.)  However, Plaintiff's request for injunctive relief is barred by the *Plata*

16  class action lawsuit.  *Plata v. Schwarzenegger,* No. C-01-1351 T.E.H. (N.D. Cal.).  Filed in 2001,

17  *Plata* is a health care class action lawsuit brought by California state prisoners with serious medical

18  needs against CDCR officials. *Id.* at Docket No. 68.  In *Plata,* plaintiffs allege, among other things,

19  that they did not receive "constitutionally adequate medical care as required by the Eighth

20  Amendment." *Id.*

21        Plaintiff's Amended Complaint alleges that Defendants violated his constitutional rights by

22  failing to provide him with adequate medical care as required by the Eighth Amendment.  Individual

23  class members are barred from pursuing individual lawsuits that seek equitable relief within the

24  subject matter of a class action.  *Gillespie v. Crawford,* 858 F.2d 1101, 1102-03 (5th Cir. 1988);

25  *McNeil v. Guthrie,* 945 F.2d 1163, 1165 (10th Cir. 1991).  Similarly, a Northern District judge

26  recognized that members of the *Plata* class are barred from seeking injunctive relief in an individual

27  action.  *Choyce v. Saylor,* No. 07-2394 PJH (PR), 2007 WL 3035406 (N.D. Cal. Oct. 16, 2007).

28        The subject matter of Plaintiff's Amended Complaint (adequacy of medical care) and the

Defs.' Mot. Dismiss; Mem. P. & A.

*Harris v. Tilton, et al.*
Case No. C-07-5306 JSW

1    injunctive relief Plaintiff seeks mirror *Plata*. Because all state prisoners with serious medical needs,

2    including those inmates with serious medical conditions at CTF, are members of the *Plata* class,

3    Plaintiff's claim for injunctive relief is barred. *Plata*, No. C-01-1351 at Docket No. 68. Claims for

4    equitable relief must be made through the class representative until the class action is over. *McNeil*,

5    945 F.2d at 1166. Thus, Plaintiff's request for injunctive relief should be denied.

6    **VI.  DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

7        The doctrine of qualified immunity insulates government officials, including prison officials,

8    from liability for civil damages so long as their conduct does not violate "clearly established

9    statutory or constitutional rights of which a reasonable person would have known." *Harlow v.*

10    *Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity protects state and other government

11    officials "from undue interference with their duties and from potentially disabling threats of

12    liability," "gives ample room for mistaken judgments," and affords protection to "all but the plainly

13    incompetent or those who knowingly violate the law." *Id.* at 806; *Malley v. Briggs*, 475 U.S. 335,

14    341-43 (1986).

15        In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court established a two-part inquiry for

16    determining applicability of the qualified immunity doctrine. The first question is: "[t]aken in the

17    light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct

18    violated a constitutional right?" *Id.* at 201. If the Court finds that no constitutional right was

19    violated, the qualified immunity inquiry ends. But, "if a violation could be made out on a favorable

20    view of the parties' submissions, the next question is whether the right was clearly established." *Id.*

21       **A.  Defendants' Conduct Did Not Violate a Constitutional Right.**

22        The first step under *Saucier* is to determine whether Plaintiff demonstrates that Defendants'

23    conduct violated a constitutional right. *Saucier*, 533 U.S. at 201. As previously discussed, even if

24    Plaintiff's allegations are taken as true, Defendants did not violate Plaintiff's Eighth Amendment

25    right to medical care. Accordingly, Defendants are entitled to qualified immunity.

26       **B.  Defendants Are Entitled to Qualified Immunity Because It Would Not Have**
            **Been Clear to a Reasonable Official that the Conduct at Issue was Unlawful.**

27

28        Assuming, for argument's sake, that the circumstances at issue amounted to a constitutional

Defs.' Mot. Dismiss; Mem. P. & A.

*Harris v. Tilton, et al.*
Case No. C-07-5306 JSW

1 | violation, the remaining inquiry under *Saucier* is whether the right was "clearly established" under

2 | the particular circumstances faced by the Defendants.  Specifically, "the contours of the right must

3 | be sufficiently clear that a reasonable official would understand that what he is doing violates this

4 | right." *Id.* at 202 (citing *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)).  Plaintiff bears the

5 | burden of proving that the right was clearly established. *Davis v. Scherer,* 486 U.S. 193, 197 (1984).

6 | Here, the relevant inquiry is whether it would have been clear to a reasonable correctional

7 | officer that denying Plaintiff's appeal for transfer would be constitutionally impermissible.  Plaintiff

8 | fails to demonstrate that Defendants participated in the alleged constitutional violations.  Therefore,

9 | it cannot be said that Defendants were "plainly incompetent" or that they "knowingly violated the

10 | law." *Malley,* 475 U.S. at 341.

11 | Because Defendants' actions did not violate a constitutional right, and because it would not

12 | have been clear to a reasonable correctional officer that Defendants' actions may have been unlawful

13 | in the context of Plaintiff's medical care, Defendants are entitled to qualified immunity.

14 | **CONCLUSION**

15 | Plaintiff fails to state a claim under § 1983 against Defendants for deliberate indifference to

16 | serious medical needs in violation of the Eighth Amendment because Plaintiff fails to show that: (1)

17 | he had an objectively serious medical need; and (2) Defendants were subjectively deliberately

18 | indifferent to Plaintiff's alleged serious medical need.  Defendants are also entitled to qualified

19 | immunity because their actions did not violate a constitutional right, and because it would not have

20 | been clear to Defendants that their actions may have been unlawful in the context of Plaintiff's

21 | medical care.

22 | Dated:  August 1, 2008              Respectfully submitted,

23 | EDMUND G. BROWN JR.
Attorney General of the State of California

25 | ERIN SULLIVAN

26 | Deputy Attorney General
Attorneys for Defendants Arfa, Tilton, Dennis, Pope, Curry and

27 | 20129659.wpd    Sisk
SF2008401802

Defs.' Mot. Dismiss; Mem. P. & A.

*Harris v. Tilton, et al.*
Case No. C-07-5306 JSW