1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  ERIN SULLIVAN, State Bar No. 242757
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5716
    Fax: (415) 703-5843
8   Email: Erin.Sullivan@doj.ca.gov

9  Attorneys for Defendants Tilton, Curry, Pope, Sisk,
   Dennis, and Arfa

10

11                 IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14

15  **DWAYNE HARRIS,**                      Case No. C-07-5306 JSW

16                          Plaintiff,      **DEFENDANTS' MOTION TO
                                            STAY DISCOVERY**
17              **v.**

18  **JAMES TILTON, et al.,**

19                          Defendant.

20

21      **TO PLAINTIFF DWAYNE HARRIS, IN PRO SE:**

22      **PLEASE TAKE NOTICE** that Defendants Tilton, Curry, Pope, Sisk, Dennis, and Arfa

23  (Defendants) move this Court to stay all discovery. The basis of this motion is that Defendants have

24  filed a motion to dismiss under Rule 12(b)(6), asserting qualified immunity. This motion is based

25  on this notice of motion, the supporting memorandum of points and authorities, and the Court's file

26  in this action.

27  ///

28  ///

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE CASE

Plaintiff Harris is an inmate, previously confined at the Correctional Training Facility (CTF). On May 15, 2008, he was transferred to California State Prison, Avenal. (Pl.'s Not. of Address Change.)  At the time of the alleged incident, Defendant Tilton, now retired, was Secretary of the California Department of Corrections and Rehabilitation (CDCR).  Defendant Curry, the Warden at CTF, and Defendant Sisk, the Associate Warden at CTF, were also named as Defendants because of their supervisory status.  Defendants M. Arfa and P. Dennis are CTF Correctional Counselors and R. Pope is a Captain at CTF.  Plaintiff alleges that Defendants' deliberate indifference to his serious medical needs violated his Eighth Amendment rights.  Plaintiff seeks court-ordered medical treatment and punitive and monetary damages in the amount of $750,000.

Defendants are filing, concurrent with this motion, a motion to dismiss based on qualified immunity.  Thus, Defendants request a stay of discovery until the threshold question of qualified immunity is decided.

## ARGUMENT

### DISCOVERY SHOULD BE STAYED PENDING A RULING ON THE THRESHOLD QUESTION OF QUALIFIED IMMUNITY.

In their Motion to Dismiss, Defendants assert the defense of qualified immunity.  The U.S. Supreme Court recognizes that a district court should stay discovery until the threshold question of qualified immunity is settled.  *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("If the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."); *see also Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (denial of discovery is appropriate on qualified immunity issue where action alleged by plaintiff are such that a reasonable officer could have believed they were lawful); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("until th[e] threshold immunity question is resolved, discovery should not be allowed").  In *Anderson*, the Court reiterated that "[o]ne of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government." *Anderson*, 483 U.S. at 646 (internal quotation marks omitted).

Defs.' Mot. Stay Disc.

*Harris v. Tilton, et al.*
Case No. C-07-5306 JSW

1   Staying discovery in this case would be consistent with Supreme Court precedent because it

2   would allow for the issue of qualified immunity to be disposed of before Defendants are required

3   to respond to the current discovery or any additional discovery.  Plaintiff will not be prejudiced by

4   a stay because it is not necessary for Plaintiff to conduct discovery on the qualified immunity issue

5   or any of the other arguments raised in Defendants' Motion to Dismiss.  Moreover, a discovery stay

6   will not interfere with the decision on Defendants' Motion to Dismiss.

7                                              **CONCLUSION**

8   Defendants have moved for dismissal without prejudice based on qualified immunity. A stay

9   of discovery should be issued because the U.S. Supreme Court has recognized that a district court

10  should resolve the threshold question of qualified immunity before permitting discovery to proceed.

11  Therefore, Defendants respectfully request that the Court stay all discovery, including all discovery

12  motions, until it rules on Defendants' pending motion to dismiss.

13  Alternatively, if the Court denies this motion, Defendants respectfully request that the Court

14  grant them 30 days from the date of the Court's order to respond to the discovery requests.

15          Dated:  August 1, 2008

16                                      Respectfully submitted,

17                                      EDMUND G. BROWN JR.
                                        Attorney General of the State of California

18                                      DAVID S. CHANEY
                                        Chief Assistant Attorney General

19
                                        ROCHELLE C. EAST
20                                      Senior Assistant Attorney General

21                                      JONATHAN L. WOLFF
                                        Supervising Deputy Attorney General

22

23

24                                      ERIN SULLIVAN
                                        Deputy Attorney General
25                                      Attorneys for Defendants Tilton, Curry, Pope, Sisk, Dennis, and
                                        Arfa

26
    SF2008401802
27  20123358.wpd

28

Defs.' Mot. Stay Disc.                                          *Harris v. Tilton, et al.*
                                                                Case No. C-07-5306 JSW

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Harris v. Tilton, et al.**

No.:    **C-07-5306 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **August 1, 2008**, I served the attached

### DEFENDANTS' MOTION TO STAY DISCOVERY

### [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Dwayne Harris, P-01755
Avenal State Prison
P.O. Box 8
Avenal, CA 93204
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 1, 2008**, at San Francisco, California.

| | |
|---|---|
| J. Palomino | _J. Palomino_ |
| Declarant | Signature |

20129756.wpd